## AMERICAN SURETY CO. OF NEW YORK v. COTTON BELT LEVEE DIST. No. I OF PHILLIPS COUNTY, ARK.

### SAME v. KITCHENS, Sheriff and Tax Collector.

Nos. 9236, 9238.

Circuit Court of Appeals, Eighth Circuit.

April 13, 1932.

W. G. Dinning, of Helena, Ark., for appellant.

John I. Moore, of Helena, Ark., C. E. Daggett and J. B. Daggett, both of Marianna, Ark., J. G. Burke and John I. Moore, Jr., both of Helena, Ark., for appellee Cotton Belt Levee Dist. No. 1.

O. C. Brewer and George K. Cracraft, both of Helena, Ark., for appellee F. F. Kitchens.

Before STONE and KENYON, Circuit Judges, and CANT, District Judge.

STONE, Circuit Judge.

These are separate actions upon different bonds securing the payment of deposits by the Interstate National Bank of Helena, Ark. From judgments according recovery on the bonds, the surety brings these separate appeals.

While appellant argues several matters, each of them is dependent upon the sufficiency or lack of substantial evidence to sustain the judgment. Juries were waived in accordance with the statute (USCA, title 28, § 773). The court made a general finding for the plaintiff, to which appellant excepted, and entered judgment thereon. Almost a month after entry of judgment, appellant filed a request: "That the findings of facts and conclusions of law upon which the judgment of the Court has heretofore been rendered by the Court be filed to the end that a proper assignment of errors may be filed to the end that the appeal may be perfected." There was no ruling on this request.

Appellees urge that the matters sought to be reviewed here by the appellant are not open to examination because of section 875 of title 28, USCA, and the decisions of this and other federal courts applying that section. Appellees are correct in this position. The matters involved in this appeal have to do with the sufficiency of the evidence or lack of substantial evidence to sustain these judgments. Where a jury is waived in accordance with section 773, no request for special findings made before judgment and no demurrer (or equivalent) challenging the sufficiency or lack of the evidence, this court is foreclosed from examining such sufficiency or lack. Some of the numerous cases in this court so holding are Hirning v. Live Stock Nat. Bank, 1 F.(2d) 307, 310; Highway Trailer Co. v.

City of Des Moines, 298 F. 71, 73; Pennok Oil Co. v. Roxana Petroleum Co., 289 F. 416, 418; Stoffregen v. Moore, 271 F. 680, 681; United States v. Bowling, 261 F. 657, 660.

The bare exception to the general finding is not sufficient. Wilson v. Merchants' Loan & Trust Co., 183 U. S. 121, 127, 22 S. Ct. 55, 46 L. Ed. 113; Martinton v. Fairbanks, 112 U. S. 670, 5 S. Ct. 321, 28 L. Ed. 862; Tabor v. Commercial Nat. Bank, 62 F. 383, 388, this court. The request for findings and conclusions filed after the court had acted is unavailing as coming too late [Southern Surety Co. v. U. S., 23 F.(2d) 55, 59, this court, certiorari denied 278 U. S. 604, 49 S. Ct. 11, 73 L. Ed. 532].

The judgment in each of these cases is affirmed.