## UNITED STATES v. DOUGLAS, BUCHANAN & CROW, Inc., et al.

### No. 9400.

Circuit Court of Appeals, Eighth Circuit.

Nov. 15, 1932.

Ross R. Mowry, U. S. Atty., of Newton, Iowa (Ray C. Fountain, Asst. U. S. Atty., of Des Moines, Iowa, and Frank F. Wilson, Asst. U. S. Atty., of Mt. Ayr, Iowa, on the brief), for the United States.

822

J. L. Parrish, of Des Moines, Iowa, for appellees.

Before STONE, KENYON, and VAN VALKENBURGH, Circuit Judges.

VAN VALKENBURGH, Circuit Judge.

This is an appeal from a judgment dismissing appellant's petition on the merits and allowing appellees' judgment for $9,558.54 on counterclaim. The action was on a performance bond executed by Douglas, Buchanan & Crow, Incorporated, as principal, and the Southern Surety Company, as surety.

The work undertaken by the contractor in its contract with the government consisted of the following:

"Article 1. *State of Work.* The contractor shall furnish all labor and materials, and perform all work required for constructing earthwork in the White River Levee District of Woodruff, Prairie and Monroe Counties, Ark., as follows:

"Piece No. 8. Repair the levee from about station 25 to about station 29, containing six thousand two hundred (6,200) cubic yards, more or less, of earthwork;

"Piece No. 9. Construct a loop levee from about station 40 to about station 55, containing forty thousand (40,000) cubic yards, more or less, of earthwork;

"Piece No. 10. Repair the levee from about station 64 to about station 66, containing three thousand (3,000) cubic yards, more or less, of earthwork;

"Piece No. 11. Repair the levee from about station 164 to about station 246, containing thirty thousand (30,000) cubic yards, more or less, of earthwork;

"Piece No. 12. Repair the levee from about station 415 to about station 418, containing six thousand (6,000) cubic yards, more or less, of earthwork;

"Piece No. 13. Repair the levee from about station 659 to about station 720, containing thirty-six thousand (36,000) cubic yards, more or less, of earthwork;

"Piece No. 14. Construct a loop from about station 978 to about station 1004, containing seventy-five thousand (75,000) cubic yards, more or less, of earthwork;

"Piece No. 15. Repair the levee from about station 1533 to about station 1582, containing nine thousand (9,000) cubic yards, more or less, of earthwork;
for the consideration of forty-four and one-half (44.5) cents in strict accordance with the specifications, schedules and drawings, all of which are made a part hereof and designated as follows: Specifications Serial No. 28—19."

The petition of the government alleges. that the work was not completed in time; that, January 14, 1928, the United States terminated the right of the contractor to proceed with the work, because of its failure to proceed with sufficient diligence; that the United States completed the work, placing $99,945 cubic yards of earth at a cost of $93,-662.40; that the excess cost to the United States was $49,146.87; and that the contractor should have a credit of $8,958.54 for work done. The government prayed judgment for $40,188.33, the difference between the excess cost of the work and the credit due the contractor, and for interest and costs.

Appellees in separate answers denied failure to prosecute the work with such diligence as would have insured its completion within the time limit of the contract; stated, in substance, that the delays in the work were due to floods, which were causes entitling the contractor to extensions of time under the provisions of the contract, that the contracting officer refused to grant any extension upon application of the contractor, and arbitrarily refused and neglected to ascertain the facts, and therefore to exercise an honest judgment in the premises. The contractor counter-claimed for the balance due it for work done, the amount of which was conceded by the government.

The trial was to the court, a jury having been waived in writing. At the close of the evidence appellees filed motion to dismiss appellant's petition and for judgment in their favor. April 28, 1931, the court made findings of fact and entered judgment for appellees. These findings so far as they are material here, were as follows:

"1. That on or about the 13th day of September, 1927, the plaintiff, United States of America, and the defendant, Douglas, Buchanan & Crow, Inc., entered into a written contract whereby the defendant, Douglas, Buchanan & Crow, Inc., agreed to furnish all labor and material and perform all work required in constructing certain earthwork in the White River Levee District of Woodruff, Prairie and Monroe Counties, Arkansas; that a copy of said contract is attached to plaintiff's petition, marked Exhibit 'A' and by reference made a part hereof.

"2. That said contract provided in part as follows:

" 'This contract shall be subject to the written approval of the Chief Engineers, U.

S. Army, and shall not be binding until so approved.'

"That said contract was duly approved on the 30th day of September, 1927.

"3. That said contract further provided in part as follows:

" 'The work shall be commenced within 10 calendar days after date of notice to proceed and shall be completed not later than December 31, 1927.'

"That notice to proceed, as therein provided, was given on the 4th day of October, 1927.

"4. That on or about the 13th day of September, 1927, the defendant, Douglas, Buchanan & Crow, Inc., as principal, and the defendant, Southern Surety Company of Des Moines, Iowa, as surety, duly executed and delivered a performance bond to the United States of America in the sum of $46,-000.00, as required by the terms of the contract hereinbefore referred to, which bond was approved by the United States of America on September 30, 1927; that a copy of said bond is attached to plaintiff's petition, marked Exhibit 'B' and by reference is hereby made a part hereof.

"5. That the defendant, Douglas, Buchanan & Crow, Inc., started the performance of the work covered by the contract, as provided by the terms thereof, but failed to complete the same by the 31st day of December, 1927, and on the 14th day of January, 1928, the plaintiff terminated said contract and thereupon proceeded to complete the work therein provided for.

"6. That Article 9 of said contract provided as follows:

" 'Delays-Damages.—If the contractor refuses or fails to prosecute the work or any separable part thereof, with such diligence as will insure its completion within the time specified in Article 1, or any extension thereof, or fails to complete said work within such time, the Government may, by written notice to the contractor, terminate his right to proceed with the work or such part of the work as to which there has been delay. In such event, the Government may take over the work and prosecute the same to completion by contract or otherwise, and the contractor and his sureties shall be liable to the Government for any excess cost occasioned the Government thereby. If the contractor's right to proceed is so terminated, the Government may take possession of and utilize in completing the work such materials, appliances, and plant as may be on the site of the work and necessary therefor. If the Government does not terminate the right of the contractor to proceed, the contractor shall continue the work, in which event the actual damages for the delay will be impossible to determine and in lieu thereof the contractor shall pay to the Government as fixed, agreed and liquidated damages for each calendar day of delay until the work is completed or accepted the amount as set forth in the specifications or accompanying papers and the contractor and his sureties shall be liable for the amount thereof: Provided, That the right of the contractor to proceed shall not be terminated or the contractor charged with liquidated damages because of any delays in the completion of the work due to unforeseeable causes beyond the control and without the fault or negligence of the contractor, including, but not restricted to, acts of God, or of the public enemy, acts of the Government, fires, floods, epidemics, quarantine restrictions, strikes, freight embargoes, and unusually severe weather or delays of subcontractors due to such causes: Provided, further, That the contractor shall within ten days from the beginning of any such delay notify the contracting officer in writing of the causes of delay, who shall ascertain the facts and the extent of the delay, and his findings of facts thereon shall be final and conclusive on the parties hereto, subject only to appeal, within thirty days, by the contractor to the head of the department concerned, whose decision on such appeal as to the facts of delay shall be final and conclusive on the parties hereto.'

"7. That from and after about the 6th day of October, 1927, to and including about the 19th day of October, 1927, the work was flooded by reason of high water in White River; that again from and after about the 16th day of November, 1927, until about the 27th day of November, 1927, said work was flooded by reason of high water in said White River; that on or about the 15th day of December, 1927, until on or about the 9th day of January, 1928, said work was again flooded by reason of high water in said White River; that each of said floods caused material delay in the performance of said work, said delay being without any fault on the part of the contractor.

"8. That at the time of the execution of said contract and during all the period when work was being carried on upon said project by the defendant, Douglas, Buchanan & Crow, Inc., Donald H. Connolly, Major, Corps of Engineers, District Engineer, was the 'contracting officer' referred to in said contract. That on the 12th day of October, 1927, and within ten days from the com-

mencement of the delay occasioned by the flood then and thereafter existing at said works, the defendant, Douglas, Buchanan & Crow, Inc., gave to the contracting officer notice in writing of the flood and consequent delay, as provided in the terms of said contract; that the said contract officer failed and neglected to ascertain and find the facts with respect to said flood and the extent of the delay caused thereby, but on the 18th day of October, 1927, in writing advised said contractor that no extension of contract time would be considered, the said notice being in the following language:

" 'I am sorry to have to advise that no extension of the contract time can be considered, inasmuch as these crevices must be closed by December 31st.'

"That the failure and refusal of said contracting officer to ascertain the facts with respect to said flood and the consequent delay and his act in determining that no extension of time on said contract would be granted was not an exercise of the discretion as provided by the terms of the contract, but was so arbitrary as to amount to bad faith and constituted a breach of the contract on the part of the United States of America.

"9. That the contractor did not appeal and was not required to appeal from the act of said contracting officer. * * *

"11. That at the time the plaintiff terminated the said contract there was due the contractor, Douglas, Buchanan & Crow, Inc., for labor and material furnished under the terms of said contract the sum of $9558.54, no part of which has been paid."

The government submitted neither requests for findings of fact and conclusions of law nor motion for judgment. July 27, 1931, the court made a nunc pro tunc order, as of April 28, 1931, sustaining appellees' motion for judgment and allowing an exception to appellant.

■ The first and main error assigned is that "the court erred in his findings of fact." This assignment at once raises the question whether, in the state of the record, those findings are subject to review. It is to be remembered that appellant made no requests for findings of fact or conclusions of law. No demurrer to the evidence was filed nor motion for judgment at the close of all the evidence. The trial was to the court upon written waiver of jury. In such case "the finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury." Title 28, USCA § 773, p. 447.

"When an issue of fact in any civil cause in a district court is tried and determined by the court without the intervention of a jury, according to section 773 of this title, the rulings of the court in the progress of the trial of the cause, if excepted to at the time and duly presented by a bill of exceptions, may be reviewed upon a writ of error or upon appeal; and when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment." Title 28, USCA § 875.

This court has had occasion to pass upon this precise question in many decided cases. Perhaps the leading case in this circuit is Barnard v. Randle, 110 F. 906, 909. In that case the jury was waived, and no special finding of facts was made. It was there held that "the only questions arising on the evidence which can be presented to or considered by this court are the rulings upon the admission or rejection of evidence in the progress of the trial, and, in cases where that question is presented by a proper request at the close of all the evidence, the sufficiency of the evidence to warrant the finding."

In Wear v. Imperial Window Glass Company (C. C. A. 8) 224 F. 60, 63, Judge Walter H. Sanborn, again speaking for this court, announced the rule still more comprehensively:

"When an action at law is tried without a jury by a federal court, and it makes a general finding, or a special finding of facts, the act of Congress forbids a reversal by the appellate court of that finding, or the judgment thereon, 'for any error of fact' [citing statute], and a finding of fact contrary to the weight of the evidence is an error of fact.

"The question of law whether or not there was any substantial evidence to sustain any such finding is reviewable, as in a trial by jury, only when a request or a motion is made, denied, and excepted to, or some other like action is taken which fairly presents that question to the trial court and secures its ruling thereon during the trial."

In Federal Surety Co. v. Standard Oil Co., 32 F.(2d) 119, we held that: "Where jury was waived by written stipulation and no request for special or general declarations of law was made, there can be no review of the general finding of fact or of the conclusions of law."

In Inter-Southern Life Ins. Co. v. Klaber (C. C. A. 8) 50 F.(2d) 154, the holding was that review in a cause in which a jury was waived is limited, in absence of a request for findings of fact and conclusions of law, to

questions arising on the pleadings. See, also, Pennok Oil Co. v. Roxana Petroleum Co. (C. C. A. 8) 289 F. 416, 418; McFarland v. Central National Bank (C. C. A. 8) 26 F. (2d) 890; Buechle v. Montgomery (C. C. A. 8) 45 F.(2d) 987; United States v. Perry (C. C. A. 8) 55 F.(2d) 819; Wourdack v. Becker (C. C. A. 8) 55 F.(2d) 840.

It is to be remembered that, on April 28, 1931, the court, sitting as a jury, made findings of fact and entered judgment generally for appellees upon the submission then made. Three months later, at whose instance, and for what reason, does not appear, the court made a nunc pro tunc order, as of April 28, 1931, sustaining appellees' motion for judgment, and allowing an exception to appellant. No further action, in the way of request for findings and conclusions or otherwise, was taken by appellant. Because of this later action by the trial court, appellant insists that the right to review is preserved.

Concerning a similar situation, Judge Walter H. Sanborn, speaking for this court, had this to say:

"The trial of an action at law by a federal court without a jury ends when, after full hearing, the issues of fact and law are submitted to the trial judge for decision. United States v. Atchison, Topeka & S. F. Ry. Co. (C. C. A.) 270 F. 1, 3, 4, and cases cited. We discover no record of any such timely motion, request, ruling, or exception after all the evidence was produced, when only it could be properly made, and before the trial ended. * * *

"Where no request for findings or for modifications of findings were made until subsequent to the close of the trial, it is too late, after the court has filed its findings and its conclusion that judgment must be entered for the plaintiff, to except to the rulings on issues tried, and subsequent requests and rulings thereon are discretionary and not subject to review. U. S. v. Atchison, Topeka & S. F. Ry. Co. (C. C. A.) 270 F. 1, 4." Southern Surety Co. v. United States (C. C. A.) 23 F.(2d) 55, 58, 59; certiorari denied 278 U. S. 604, 49 S. Ct. 11, 73 L. Ed. 532.

And in American Surety Co. v. Cotton Belt Levee Dist. No. 1 of Phillips County, Ark. (C. C. A. 8) 58 F.(2d) 234, 235, Judge Stone said: "The bare exception to the general finding is not sufficient. * * * The request for findings and conclusions, filed after the court had acted, is unavailing as coming too late"—citing Southern Surety Co. v. United States, supra.

In the findings of fact by the trial court, the following appears:

"That the failure and refusal of said contracting officer to ascertain the facts with respect to said flood and the consequent delay and his act in determining that no extension of time on said contract would be granted was not an exercise of the discretion as provided by the terms of the contract, but was so arbitrary as to amount to bad faith and constituted a breach of the contract on the part of the United States of America.

"That the contractor did not appeal and was not required to appeal from the act of said contracting officer."

■ This finding is challenged as amounting rather to a conclusion of law. But in this state of the record conclusions of law, no more than findings of fact, may be reviewed. Even so considered, the conclusion may well have been drawn from the entire record, which is not before us for review. However, it may be said in passing that article 9 of the contract preserved to the contractor certain protection from delays occasioned by floods and other causes, provided that, within ten days from the beginning of such delay, it should notify the contracting officer, who should ascertain the facts, his finding to be final and conclusive, subject to appeal to the head of the department. The court found that the delays occurred without fault of the contractor. It appears that notice of such first delay was given, but that no appeal was taken. The contract provides that the contractor may continue in the absence of termination of the right to proceed. The reply of the contracting officer to the notice of October 12th that no extension of contract time could be "considered" closed the door to this and further applications. No ascertainments or findings of fact were made by the contracting officer, and it was curtly stated that none would be considered. There was nothing from which an appeal could be taken whereby the head of the department could make final decision "as to the facts of the delay." The findings made by the trial court fully support the conclusion and judgment which followed.

■ We have yet to consider the rulings upon the rejection of evidence in the progress of the trial. These are presented by assignments XXII to XXX, inclusive. Of these assignments, Nos. XXII, XXIII, and XXV charge that the court erred in refusing the offer of appellant to prove that it is a usual custom of contractors, in work of this kind, to commence work as soon as notification is

given that their proposal for levee work has been accepted. It is urged that this notice was given September 9, 1927, and that the contractor actually began work September 21, 1927. September 13, 1927, the contract was executed, subject to the approval of the chief of engineers. His approval bears date September 30, 1927. Under the terms of the contract, the contractor was required to begin work within ten days after notice to proceed was received. That notice was given October 4, 1927. This contract provision limited the responsibility of the contractor in this respect, and the offers made, as set forth in these three assignments, were properly refused. It is deemed unnecessary to set out the remaining assignments charging error in refusing appellant's offers of proof with regard to appellees' statement respecting its equipment, the statements of witnesses concerning approved methods of performing work of this nature, and the knowledge of appellees that this was emergency work. It is sufficient to say that none of these offers discloses any material tendency to prove remissness or lack of diligence on the part of the contractor, which was their presumed objective, and no reversible error was committed in their refusal.

For the reasons stated, the judgment below must be affirmed. It is so ordered.