**GERLACH v. CHICAGO, R. I. & P. RY. CO.**

No. 9597.

Circuit Court of Appeals, Eighth Circuit.

June 26, 1933.

A. B. Howland, of Des Moines, Iowa (J. G. Gamble, of Des Moines, Iowa, on the brief), for appellee.

George W. Gerlach, pro se.

Elmer L. Hunt, of Creston, Iowa, for appellant.

Before GARDNER, SANBORN, and BOOTH, Circuit Judges.

GARDNER, Circuit Judge.

This is an action at law in which appellant as plaintiff below seeks to recover damages for the alleged infringement by appellee of certain patents owned by him. No injunction or other equitable relief is sought, the only judgment demanded being a money judgment. The action was tried to the court without a jury. At the close of all the evidence the court made findings of fact and conclusions of law in favor of the defendant, and based thereon entered judgment dismissing the action upon its merits. From the judgment so entered, the plaintiff has appealed.

Plaintiff made no requests for findings of fact nor conclusions of law, nor was any motion for judgment made by him at the close of the testimony, nor did he take any similar action challenging the rulings of the court. This being an action at law, tried by the court without a jury, the findings of the court upon the facts, have the same effect as the verdict of a jury. 28 USCA § 773. The court found that plaintiff's patents were not infringed by the devices used by defendant; that there was no evidence as to the amount of damage, if any, suffered by plaintiff, and, without passing upon the validity of plaintiff's patents, dismissed his action for damages.

In the assignments of error it is charged that the court erred in making and entering each of its several findings of fact and conclusions of law and in entering judgment. There are certain general assignments to the effect that the court erred in admitting evidence of the defendant "that was supposed to anticipate the plaintiff's patents and considered the same in the anticipatory nature when as a matter of fact the defendant had failed to comply with the statute in regard to giving proper notice that said patents were going to be used in evidence and that said court failed to consider the patents only for historical purposes and for that purpose only."

The assignments which refer to the rulings of the court in admitting or rejecting evidence are all of a general character, and none of them point out any specific or particular ruling of the court, nor do any of these assignments quote the substance of the evidence admitted or rejected; neither do they refer to the page of the printed record where the questioned rulings occur, and it would be impossible to determine from the assignments what particular rulings of the court are sought to be reviewed. So far, therefore, as the assignments are directed to the rulings of the court on the admission or rejection of evidence, they are wholly insufficient to present anything to this court for review. Rules 11 and 24.

Neither is plaintiff entitled to a review of the court's findings and conclusions because he did not present to the trial court any request for special findings of fact or conclusions of law, and no demurrer challenging the sufficiency or lack of the evidence. Such being the state of the record, no question of fact or law is presented for review because "the finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury." 28 USCA § 773.

In Fleischmann Construction Co. v. United States, 270 U. S. 349, 46 S. Ct. 284, 288, 70 L. Ed. 624, the rule with reference to laying proper foundation in the trial court for review of the court's conclusion is stated as follows: " * * * A party must either obtain from the trial court special findings which raise the legal propositions, or present the propositions of law to the court and obtain a ruling on them."

In the absence of some such action bringing the matter before the trial court, this court cannot consider the sufficiency of the evidence to sustain the judgment. Hawthorne v. Bankers' Life Co. (C. C. A. 8) 63 F.(2d) 971; Inter-Southern Life Ins. Co. v. Klaber (C. C. A. 8) 50 F.(2d) 154; American Surety Co. v. Cotton Belt Levee Dist. No. 1 (C. C. A. 8) 58 F.(2d) 234; Hirning v. Live Stock Natl. Bank (C. C. A. 8) 1 F.(2d) 307; Perry v. Wiggins (C. C. A. 8) 57 F.(2d) 622; Buechle v. Montgomery (C. C. A. 8) 45 F.(2d) 987; Merriam v. Huselton (C. C. A. 8) 45 F.(2d) 983.

In this condition of the record the only inquiry open to this court is whether or not the judgment is sustained by the pleadings, findings, and conclusions. Their sufficiency for that purpose is not challenged, and could not be, as they are abundantly sufficient to sustain the judgment entered. Notwithstanding the fatal defects in the record, we have carefully examined the evidence and are satisfied that the findings and conclusions of the court are sustained thereby.

The judgment appealed from is, therefore, affirmed.