## ANDERSON v. UNITED STATES.
### No. 9525.

Circuit Court of Appeals, Eighth Circuit.
June 26, 1933.

all of Kansas City, Mo., on the brief), for appellant.

George C. Dyer, Asst. U. S. Atty., of St. Louis, Mo. (Louis H. Breuer, U. S. Atty., of Rolla, Mo., Bryan Purteet, Asst. U. S. Atty., of St. Louis, Mo., and Davis G. Arnold, Atty., Veterans' Administration, and Lawrence A. Lawlor, Atty., Veterans' Administration, both of Washington, D. C., on the brief), for the United States.

Before GARDNER, SANBORN, and BOOTH, Circuit Judges.

GARDNER, Circuit Judge.

This is an action to recover on a contract of war risk insurance. The pleadings are in conventional form. The action was tried to the court without a jury, and, after hearing all the testimony, the court made findings of fact and conclusions of law in favor of the defendant, and thereupon entered judgment dismissing the action on its merits. From the judgment so entered, the appellant has appealed. For convenience the parties will be referred to as they were designated in the lower court.

There were no requests for findings of fact nor conclusions of law on behalf of the plaintiff, nor was any motion for judgment made by him at the close of the testimony, nor other similar action challenging the ruling of the court. In an action at law, tried to the court without the intervention of a jury, the findings of the court upon the facts have the same effect as the verdict of a jury. 28 US CA § 773.

The court found that plaintiff enlisted in the United States military service December 9, 1917, and was honorably discharged February 26, 1919; that he was granted a policy of war risk insurance in the principal sum of $10,000 on February 1, 1918; that premiums had been paid to and including the month of February, 1919; that no further premiums were paid on the policy, although premiums were due thereon as of March 1, 1919, and the 1st of each succeeding month thereafter, so long as plaintiff remained not totally and permanently disabled; that no premiums had been paid since the date of plaintiff's discharge from the service; that at the time of his discharge he declared that he had no reason to believe that he was suffering from the effects of any wound, injury, or disease, or that he had any disability or impairment of health; that he did not consult a physician about disease or injury after his discharge until some time in May, 1919; that he worked

Lawrence E. Goldman, of Kansas City, Mo. (Frank R. Daley and Goldman & Daley,

for the Cadillac Motor Company at a monthly wage of $120 per month from the 20th of May, 1919, to the 14th of December, 1919, and that he worked for the Detroit News, at Detroit, Mich., as a collector of advertising accounts, from December 19, 1919, to August 6, 1920, at a monthly wage of $90 per month; that he carried on a gainful occupation within the meaning of the War Risk Insurance Act, subsequent to his discharge and while his policy was in a state of lapse for nonpayment of premiums; that he executed an application for reinstatement of yearly renewal term insurance subsequent to his discharge in his own handwriting, in which he stated that he was not permanently and totally disabled. The court concluded as a matter of law from the facts found that plaintiff was not totally and permanently disabled at the time his policy of war risk insurance lapsed for nonpayment of premiums.

On this appeal plaintiff alleges error (1) in the rulings of the court in admitting certain testimony offered by the defendant; (2) in entering its findings of fact and conclusions of law, and that such findings and conclusions are not supported by the evidence.

The assignment of error with reference to the admission of evidence is fatally defective, because it does not quote the full substance of the evidence admitted or rejected, nor does it contain any reference to the record page of the printed record where the ruling complained of appears. Rules 11 and 24.

As the action was tried to the court without a jury, it will be presumed on appeal that the court considered only the competent evidence, so that we need not consider the challenged ruling of the court overruling plaintiff's objection to the admission of this testimony. If the evidence objected to be disregarded, there is still ample competent evidence to support the findings made by the lower court. The record is clearly insufficient to entitle plaintiff to obtain a review of the court's conclusions. As said by the Supreme Court in Fleischmann Const. Co. v. United States, 270 U. S. 349, 46 S. Ct. 284, 288, 70 L. Ed. 624, " * * * a party must either obtain from the trial court special findings which raise the legal propositions, or present the propositions of law to the court and obtain a ruling on them."

In Inter-Southern Life Insurance Co. v. Klaber (C. C. A. 8) 50 F.(2d) 154, in an opinion by Judge Van Valkenburgh, this question of practice is considered and the authorities collated and reviewed. The question was again before this court in American Surety Co. v. Cotton Belt Levee Dist. No. 1 (C. C. A. 8) 58 F.(2d) 234, 235, where, in an opinion by Judge Stone, it is said: "The matters involved in this appeal have to do with the sufficiency of the evidence or lack of substantial evidence to sustain these judgments. Where a jury is waived in accordance with section 773, no request for special findings made before judgment and no demurrer (or equivalent) challenging the sufficiency or lack of the evidence, this court is foreclosed from examining such sufficiency or lack." To the same effect, see Hawthorne v. Bankers' Life Co. (C. C. A. 8) 63 F.(2d) 971; Hirning v. Live Stock Nat. Bank (C. C. A. 8) 1 F.(2d) 307; Perry v. Wiggins (C. C. A. 8) 57 F.(2d) 622; Buechle v. Montgomery (C. C. A. 8) 45 F.(2d) 987; Merriam v. Huselton (C. C. A. 8) 45 F.(2d) 983.

The bald assertion that the judgment is erroneous as contrary to the facts, or as not being supported by competent evidence, or a similar assertion that the court erred in entering its findings, is not sufficient to warrant this court in reviewing the evidence. American Surety Co. v. Cotton Belt Levee Dist. No. 1, supra.

The findings and conclusions are ample to sustain the judgment. Eggen v. United States (C. C. A. 8) 58 F.(2d) 616; United States v. Hairston (C. C. A. 8) 55 F.(2d) 825; United States v. Perry (C. C. A. 8) 55 F.(2d) 819; United States v. Le Duc (C. C. A. 8) 48 F.(2d) 789; McNally v. United States (C. C. A. 8) 52 F.(2d) 440; Harrison v. United States (C. C. A. 10) 42 F.(2d) 736.

The judgment appealed from is therefore affirmed.