### FIERCE et al. v. WYATT et al.[*]
### No. 10437.

Circuit Court of Appeals, Eighth Circuit.
June 6, 1936.

Merrill Gilmore, of Ottumwa, Iowa (Edward L. Simmons, of Centerville, Iowa, and W. O. Jamison, of Seymour, Iowa, on the brief), for appellants.

D. L. Murrow, of Corydon, Iowa (T. W. Miles, of Corydon, Iowa, on the brief), for appellees.

Before GARDNER, SANBORN, and BOOTH, Circuit Judges.

SANBORN, Circuit Judge.

This is an action at law upon a promissory note. The appellants were plaintiffs in the court below. The defendants were the makers of the note. A. J. Shoultz, one of the defendants, filed an answer alleging that the note in suit was executed for the purpose of renewing a note which was about to mature, but that the latter note, instead of being renewed, was paid in full. The case was, by stipulation of the parties, tried to the court without a jury. At the close of the evidence, the answering defendant moved for judgment in his favor. The plaintiffs made no motion for judgment on the ground that the evidence would support no other conclusion, and requested no findings of fact or declarations of law. The court did not rule upon the answering defendant's motion for judgment, but made a general finding in his favor, ordering judgment for costs against the plaintiffs and that the case be dismissed as to those defendants who had filed no answers, and allowing the plaintiffs an exception. From the judgment entered upon this finding, the plaintiffs have appealed. The assignments of error charge the court with having made a finding and entered a judgment which is not supported by the evidence.

■ When an action at law is tried to a court without a jury under the provisions of section 773, title 28, U.S.C. (28 U.S.C.A. § 773) and the court makes a general finding, the question of the sufficiency of the evidence to sustain the finding is not subject to review on appeal, where the appellant at no time during the trial, by a request for specific findings of fact or declarations of law, or by motion for judgment in his favor on the ground of the insufficiency of the evidence to sustain a contrary judgment, or by other equivalent action, specifically raises that question in the court below and invokes a ruling thereon. Mansfield Hardwood Lumber Co. v. Horton (C.C.A.8) 32 F.(2d) 851, 852, 853; American Surety Co. of New York v. Cotton Belt Levee Dist. No. 1 of Phillips County, Ark. (C.C.A.8) 58 F.(2d) 234; United States v. Douglas, Buchanan & Crow, Inc., et al. (C.C.A.8) 61 F.(2d) 821; Cronkleton v. Hall (C.C.A.8) 66 F.(2d) 384, 386; Hawthorne v. Bankers' Life Co. (C.C.A.8) 63 F.(2d) 971; Gerlach v. Chicago, R. I. & P. Ry. Co. (C.C.A.8) 65 F.(2d) 862; Anderson v. United States (C.C.A.8) 65 F.(2d) 870; Town Club of St. Louis v. United States (C.C.A.8) 68 F.(2d) 620; Hussey-Hobbs Tie Co. v. Louisville & N. R. Co. (C.C.A.8) 69 F(2d) 92; Jones et al. v. Gill et al. (C.C.A.8) 67 F.(2d) 159; Mandel Bros., Inc., v. Henry A. O'Neil, Inc., et al. (C.C.A.8) 69 F.(2d) 452; Baker Ice Mach. Co., Inc., v. Hebert (C.C.A.8) 76 F.(2d) 73, 74, 75; Union Bleachery v. United States (C.C.A.4) 79 F.(2d) 549, 550, 551, 102 A.L.R. 204; Fleischmann Const. Co. v. United States, 270 U.S. 349, 46 S.Ct. 284, 70 L.Ed. 624; Eastman Kodak Co. et al. v. Gray, 292 U.S. 332, 54 S.Ct. 722, 78 L.Ed. 1291; Harvey Co. v. Malley et al., 288 U.S. 415, 53 S.Ct. 426, 77 L.Ed. 866; Lewellyn v. Electric Reduction Co., 275 U. S 243, 48 S.Ct. 63, 72 L.Ed. 262.

■ The bare exception to the general finding is not sufficient to preserve for review the question of the sufficiency of the evidence to support the finding and judgment. Wilson v. Merchants' Loan & Trust Co., 183 U.S. 121, 127, 22 S.Ct. 55, 46 L.Ed. 113; Martinton v. Fairbanks, 112 U.S. 670, 5 S.Ct. 321, 28 L.Ed. 862; Tabor v. Commercial Nat. Bank of Cleveland (C.C.A.8) 62 F. 383, 388; Humphreys v. Third Nat. Bank of Cincinnati, Ohio (C.C.A.6) 75 F. 852, 856; American Surety Co. of New York v. Cotton Belt Levee Dist. No. 1 of Phillips County, Ark. (C.C.A.8) supra, 58 F.(2d) 234, 235; United States v. Douglas, Buchanan & Crow, Inc., et al. (C.C.A.8) supra, 61 F.(2d) 821, 825.

The judgment is affirmed.