**BECHER et al. v. SIDNER.**

**No. 10658.**

Circuit Court of Appeals, Eighth Circuit.

Feb. 4, 1937.

N. H. Mapes, of Fremont, Neb., for appellants.

S. S. Sidner, of Fremont, Neb., pro se.

Before STONE, SANBORN, and VAN VALKENBURGH, Circuit Judges.

STONE, Circuit Judge.

Sidner brought an action against the receiver of the Union National Bank of Fremont to recover dividends unpaid to him upon a deposit which he had in the bank at the time it was taken over by the comptroller. Besides admitting the deposit, the allowance thereof as a claim, the declaration of dividends, and their nonpayment on this deposit, the receiver pleaded a counterclaim which was that Sidner was the owner of 8½ shares of the bank stock and that he had never responded to the double liability which had been ordered by the comptroller. Thus the counterclaim presented the sole controverted issue. Jury was waived and the court found for plaintiff upon his claim and upon defendants' counterclaim. From a judgment entered thereon, the receiver appeals.

The only questions below or here are whether Sidner was an actual stockholder or is estopped to deny his liability as such. There was no stipulation of facts covering these issues. Evidence was introduced upon them. There is no question as to the sufficiency of the findings to sustain the judgment. Whether the trial court committed error depends upon the sufficiency of the evidence as to actual ownership and as to estoppel. The entire issue here is the sufficiency of the evidence to sustain the findings.

There was a written waiver of jury. There was no request for findings nor any motion for judgment on the ground that the evidence compelled findings or judgment for appellants. In such state of the record, the sufficiency of the evidence to sustain the findings is not open to review in this court. 28 U.S.C. A. § 875; Fierce v. Wyatt (C.C.A.) 83 F.(2d) 892, 893, with numerous citations from the Supreme Court and this court.

The judgment is affirmed.