## BECHER–BARRETT–LOCKERBY CO. v. NORTHERN PAC. RY. CO.
### No. 10804.

Circuit Court of Appeals, Eighth Circuit.
April 30, 1937.

V. J. Hermel, of Minneapolis, Minn., for appellant.

D. R. Frost, of St. Paul, Minn. (D. F. Lyons, of St. Paul, Minn., on the brief), for appellee.

Before SANBORN and THOMAS, Circuit Judges, and MUNGER, District Judge.

THOMAS, Circuit Judge.

The appeal in this case is from a judgment in favor of the appellee, a common carrier, for reconsignment charges on four cars of grain shipped to the appellant at Minneapolis, Minn., between May 8, 1931, and May 31, 1933, under a tariff then in effect and claimed by appellee to authorize the charges. The appellant contended that, under the circumstances existing at the time, the charges were unauthorized.

The applicable reconsignment tariff of the appellee in effect at the time of the transactions here involved, in so far as material, provided:

"Rule No. 17. Rules and Charges governing Grain, Seeds (Field or Grass), Hay or Straw, Carloads, which is held or stopped for Inspection and Disposition Orders incident thereto at Billed Destination, also Rules and Charges governing Grain or Seeds (Field or Grass), Carloads, held or stopped at Sampling Points on Instructions of Consignor or Consignee.

"Except as provided in Section 4 of this rule, carload shipments reconsigned and not actually inspected will be subject to rule and charges as provided in Rules Nos. 1 to 16, inclusive.

### "Section 1.

"Grain, Seeds (Field or Grass), Hay or Straw, carloads, will be placed on hold tracks of the Northern Pacific Ry. at destination (See Note 2) and notice of the location of the said hold tracks on which the cars are placed sent to the consignee, or posted on the bulletin board where such practice is in vogue, for the purpose of inspection (See Note 1) and held on such tracks, for disposition orders. Upon cars so placed and held the following charges will apply:

"(a) Grain and Seeds. When disposition order is received prior to the expiration of the free time provided for in the National Code of Demurrage Rules as published in Agent B. T. Jones Tariff No. 4-H, I. C. C. No. 2003, supplements thereto or successive issues thereof, no charge. When disposition order is given after the expiration of the free time herein prescribed, $2.25 per car.

"Note 1—The inspection as referred to is:

"(a) On Grain and Seeds, that made under National, State or Board of Trade requirements by competent and impartial authority independent of both vendor or vendee."

Upon arrival of the shipments in appellee's freight terminal yards for Minneapolis, called the Northtown Yard, each car was placed upon hold track designated B–1, where it was held for inspection purposes and disposition order; personal notice of its arrival was given the consignee (appellant); and notice of its location was given by entering upon a grain bulletin board maintained by appellee in its Northtown Yard office the car number, the initials of appellant, the kind of grain in the car, date of arrival, and the track number of the hold track upon which the car was placed. The appellee established the grain bulletin board in its Northtown Yard office in July, 1929; and since that time upon arrival of carloads of grain it has posted notices of the kind used in this case.

It is admitted that no disposition or reconsignment orders were given within the "free time" provided for in the applicable tariff.

It is further conceded by appellant "that if the bulletin board form of notice was in vogue in Minneapolis and if in lieu of personal notice, the posting of notice of the placement of cars upon the bulletin board in their yard office without notifying consignees through their published tariffs or otherwise that they maintained such bulletin board for the purpose of giving such notice constituted a proper notice to consignees of the location of cars, and if such notice, so posted was in conformity to their published tariffs, then the reconsignment charges claimed by appellee were properly assessed."

Before the commencement of the trial the parties filed a written stipulation waiving a jury in accordance with sections 773 and 875, 28 U.S.C.A. (Rev.St. §§ 649, 700, as amended). After the conclusion of the introduction of testimony the appellee requested special findings of fact and declarations of law, but appellant made no request for such findings nor any motion for judgment on any ground. Appellant, however, objected to the findings and declarations requested by appellee. Its objections were overruled, exceptions to such rulings allowed, and the court adopted the findings and declarations of law requested by appellee. With two exceptions hereinafter noted appellant's objections were on the general ground that

754

"the evidence did not support such finding." Since none of such findings is material to the contentions in this court, we pass them by without comment, and proceed to a consideration of the findings and exceptions which constitute the bone of contention here.

It will be noted that the tariff provides that notice of the location of the car after its arrival at the yards will be given the consignee in one of two ways. Either such notice (1) "will be sent to the consignee, or (2) posted on the bulletin board where such practice is in vogue." The specific contentions of appellant are that the evidence fails to support the findings and judgment because:

1. The practice of bulletining the notice of the placement of cars in the yard office was not in vogue in Minneapolis because there was no evidence of any general usage on the part of carriers in Minneapolis to post such notices upon bulletin boards, and

2. There was no evidence that appellee had given appellant any notice that appellee had established a bulletin board for such notices in its yards.

The question thus presented, in so far as we are advised, has not heretofore been decided by any court. Certain practices under this same tariff were considered by this court in Van Dusen Harrington Co. v. Northern Pac. Ry. Co., 32 F.(2d) 466, and in Northern Pac. Ry. Co. v. Van Dusen Harrington Co., 60 F.(2d) 394; but the use of a bulletin board for giving notice of the placement of cars was not involved in those cases.

As already indicated, appellant attempted to raise the question of the sufficiency of the evidence in the lower court by objections to the findings requested by appellee.

First, the appellee requested and the court found specifically that notice of the placement and location of the cars upon the hold track was given "in conformity with the rule of the Reconsignment Tariff" set out above by posting the car number, consignee's initials, date of arrival and track number of the hold track on which the car was placed on a bulletin board in the Northtown Yard office.

Objection to this finding was made by appellant "on the ground that the evidence did not support such finding; that the publication of the hold track on which

said cars were placed was not in conformity with the rules of the Reconsignment Tariff * * * or in conformity with the Interstate Commerce Act."

Second, the appellee requested and the court declared:

"The Court finds as a matter of law that upon all the evidence plaintiff is entitled to judgment as prayed for in the complaint, and that there is no substantial evidence to sustain a finding for the defendant."

"To which declaration of law defendant (appellant) objected on the ground that the findings of fact and the evidence did not sustain such declaration and that it was not a correct statement of law, and the decision of the plaintiff (appellee) to put the rate in force by posting on the bulletin board in the yard office of the plaintiff the location of the cars after arrival was not published in their tariff in conformity with section 6 of the Interstate Commerce Act [49 U.S.C.A. § 6]."

The first question raised by these contentions is the meaning to be attributed to the phrase "in vogue" as it is used in the tariff. The appellee is only one of several railroads handling shipments of grain into Minneapolis. Appellant claims that the phrase means a general practice or usage on the part of the carriers in Minneapolis to post notices of the placement of cars upon bulletin boards; that where the practice is used by only one carrier, personal notice must be given consignees of such practice; and that there is no evidence to the effect either that such practice was general or that personal notice of its use by appellee was ever given appellant.

Appellee maintains that the phrase as used in the tariff refers only to the practice of the carrier which promulgates the tariff; that it has no reference to any general practice among carriers; that no notice of the adoption of the bulletin board for giving notice other than the tariff itself is required; and that the bulletin board having been in use for a period of two years, the practice was "in vogue" within the meaning of the applicable tariff.

An examination of the record discloses that there is no special finding of fact by the court as to whether the practice of giving notice of the location of cars by

use of a bulletin board was in general use by the carriers in Minneapolis or not. There is no finding as to whether or not appellee ever gave appellant personal notice that appellee had adopted such practice. Further, appellant requested no findings upon these points. Neither did appellant request any declaration of law upon the subject, nor move for judgment on the ground that there was no evidence upon these points to support a judgment against it. Appellee insists in argument that such failure prevents a review of the sufficiency of the evidence to support the judgment in this court.

■■ The rule of law applicable to procedure in a jury waived case is settled by a long line of decisions. Fleischmann Construction Company v. United States, 270 U.S. 349, 356, 46 S.Ct. 284, 287, 70 L.Ed. 624; Harvey Co. v. Malley, 288 U. S. 415, 417, 419, 53 S.Ct. 426, 427, 77 L. Ed. 866; American Surety Co. v. Cotton Belt Levee Dist. No. 1 (C.C.A.) 58 F.(2d) 234, 235, 236; Gerlach v. Chicago, R. I. & P. Ry. Co. (C.C.A.) 65 F.(2d) 862, 863; Anderson v. United States (C.C.A.) 65 F. (2d) 870, 872; People's Loan & Investment Co. v. Universal Credit Co. (C.C. A.) 75 F.(2d) 545, 546; Dakota Corporation v. Slope County (C.C.A.) 75 F.(2d) 587; Chicago, R. I. & P. Ry. Co. v. Maryland Casualty Co. (C.C.A.) 75 F.(2d) 596; Ocean Accident & Guarantee Corporation v. J. L. Brandeis & Sons (C.C.A.) 75 F. (2d) 605, 606; White v. United States (C.C.A.10) 48 F.(2d) 178.

In American Surety Co. v. Cotton Belt Levee Dist. No. 1, supra, Judge Stone, stating the rule for the court, said: "Where a jury is waived in accordance with section 773, no request for special findings made before judgment and no demurrer (or equivalent) challenging the sufficiency or lack of the evidence, this court is foreclosed from examining such sufficiency or lack."

In Gerlach v. Chicago, R. I. & P. Ry. Co., supra, Judge Gardner, speaking for the court and referring to the Fleischmann Construction Co. Case, supra, said:

" * * * the rule with reference to laying proper foundation in the trial court for review of the court's conclusion is stated as follows: ' * * * A party must either obtain from the trial court special findings which raise the legal propositions, or present the propositions of law to the court and obtain a ruling on them.'

"In the absence of some such action bringing the matter before the trial court, this court cannot consider the sufficiency of the evidence to sustain the judgment."

The function of the request for ruling and exception to the denial thereof, or its equivalent, "is to direct the judge's attention to the specific proposition of law relied upon, so that prior to the announcement of his conclusions he may have the opportunity to consider it." Ocean Accident & Guarantee Corporation v. J. L. Brandeis & Sons, supra; Continental Nat. Bank v. National City Bank of New York (C.C.A.9) 69 F.(2d) 312. And Judge Booth in People's Loan & Investment Co. v. Universal Credit Co., supra, said: " * * * in order to secure review of the question whether the judgment is sustained by substantial evidence, there must be called to the attention of the trial court the precise question and the specific ground on which the party raising the point relies. * * * The vitally necessary requirement is to bring to the direct attention of the court the contention that the pleadings and the evidence will not support a judgment except for the moving party."

The procedure adopted by appellant in the trial court was unusual. If we assume that objecting to the findings of fact and declarations of law requested by appellee and saving exceptions to the rulings thereon, is the equivalent of a demurrer or a motion for judgment on the ground that the evidence will not support a judgment except for the moving party, we must determine whether the objections and exceptions made and saved by appellant were sufficient to bring the contentions now urged upon us directly to the attention of the trial court. We think the method adopted did not fairly present to the trial court the contentions insisted upon here. Neither the same questions of fact nor law insisted upon were brought directly to the attention of the trial court.

■ The material special finding requested by appellee was that notice entered on the yard office bulletin board was "in conformity with the rule of" the tariff. The objection was that such notice was "not in conformity with the rules" of the tariff or with the Interstate Commerce Act. It was not pointed out in the ob-

jection, as it is here, that it is appellant's claim that there is no evidence of any notice to appellant that appellee had adopted the practice of giving notice of car placements on a bulletin board instead of personally, nor that there was no evidence that the use of a bulletin board for such purpose was not in general use among the carriers into Minneapolis, nor that a correct interpretation of the rules required such proof. It was not there contended, as it is here, that the phrase "in vogue," as used in the rules means a general usage by all the carriers rather than a continued use by the carrier promulgating the tariff.

■ The only specific objection made to the requested declarations of law was "that the decision of the plaintiff (appellee) to put the rate in force by posting on the bulletin board in the yard office of the plaintiff the location of the cars after arrival was not published in their tariff in conformity with section 6 of the Interstate Commerce Act." Section 6 provides that every common carrier shall file with the Commission and make available to the public printed schedules of its rates and charges containing "any rules or regulations which in any wise change, affect, or determine any * * * rates, fares, and charges, or the value of the service rendered."

It is apparent that the objection so raised to the general declaration of law presents no distinct issue when considered in connection with the evidence. The tariff containing the rules, supra, was filed and published, as shown by the evidence without dispute. The rule does state that notice of location of cars "will be sent to the consignee, or posted on the bulletin board where such practice is in vogue." Section 6 of the Interstate Commerce Act does not require that the rule shall state which of the alternative methods provided for in the rule shall be used or that the two methods may not be used alternately at the election of the appellee. The rule itself, adopted by the carrier and approved by the Interstate Commerce Commission, declares where the bulletin board may be used instead of personal service—"where such practice is in vogue." So this objection involves nothing more than the proper interpretation of the language of the rule. As pointed out above, that matter was not properly raised in the trial court, in fact

was not suggested in the objections to the special findings of fact, and is not brought directly to the attention of the court in the objection to the declarations of law.

■ Further, upon the broad assumption that the objection to the requested declaration of law is equivalent to a motion for judgment on the ground that the evidence will support a judgment for appellant only, the appellant fails. There is substantial evidence that notice was given "in conformity with the rule of the Reconsignment Tariff." Posting notice on the bulletin board was in strict compliance with its provisions, unless the expression "in vogue" must be construed to mean a general practice and usage of all the carriers into Minneapolis. Nothing in the context of the tariff indicates that the expression is so used or that it was intended to be so understood. Giving the words a reasonable construction, it is clear that it does not include or refer to the practice of other carriers. Baltimore & O. R. R. v. United States, 277 U.S. 291, 299, 48 S.Ct. 520, 522, 72 L.Ed. 885. These words refer specifically to the practice of the appellee with respect to its own cars moving upon its own tracks to the consignees thereof; and the appellee had maintained the bulletin board in use for the purpose of giving notice to consignees of the location of cars for a period of two years at the time of the shipments in question. Such being the case, the practice was "in vogue" within the meaning of the tariff at the time the shipments in question were made.

■ The appellant further relies upon a motion, made after the court had filed his findings of fact, "for an order vacating and setting aside the findings of fact and order for judgment * * * and for a new trial" on the ground " * * * that the findings of fact are not sustained by the evidence, but are contrary thereto." The motion came too late. The trial had ended when the motion was made. After the trial court files its findings and its conclusion that judgment must be entered for one of the parties, it is then too late to take exceptions to the issues tried. Such subsequent motions and requests and the rulings thereon are, like motions for new trials after verdicts and the rulings thereon, discretionary with the trial court, and are not subject to review in the federal appellate courts. United States v.

Atchison, T. & S. F. Ry. Co. (C.C.A.8) 270 F. 1, 4; Southern Surety Co. v. United States (C.C.A.8) 23 F.(2d) 55, 59; Continental Nat. Bank v. National City Bank of New York, supra.

For the foregoing reasons, the judgment appealed from is affirmed.