## UNITED STATES v. PAUL, and four other cases.

### Nos. 7447, 7457, 7550, 7580, 7595.

Circuit Court of Appeals, Ninth Circuit.

March 8, 1935.

J. A. Carver, U. S. Atty., E. H. Casterlin and Frank Griffin, Asst. U. S. Attys., and R. L. Slaughter, Atty., Department of Justice, all of Boise, Idaho, Will G. Beardslee, Director, Bureau of War Risk Litigation, of Washington, D. C., Fendall Marbury and Wilbur C. Pickett, Sp. Assts. to Atty. Gen., and Young M. Smith, Atty., Department of Justice, of Washington, D. C., for appellant.

B. W. Oppenheim, J. M. Lampert, and J. B. Musser, all of Boise, Idaho, for appellees, except Jent.

Delana & Delana, of Boise, Idaho, for appellee Jent.

Before WILBUR and GARRECHT, Circuit Judges, and NETERER, District Judge.

PER CURIAM.

In each of these cases, except United States v. Jent, No. 7550, a motion to strike the bill of exceptions was made on the ground it was not prepared in time. The certificate to the bill of exceptions in each case contains the following recital: "That the above and foregoing bill of exceptions was duly and regularly filed with the clerk of the said court and thereafter duly and regularly served within the time authorized by law; and that no amendments were proposed to said bill of exceptions excepting such as are embodied therein; that due and regular notice of time for settlement and certifying said bill of exceptions was given."

This recital is sufficient in the absence of anything to the contrary in the bill to show that it was settled in due time. See South West Metals Co. v. Gomez (C. C. A.) 4 F.(2d) 215, 39 A. L. R. 1416.

Motions denied.

The decision on the merits of the appeals is controlled by recent decisions of this court and the Supreme Court. U. S. v. Stephens (C. C. A.) 73 F.(2d) 695; U. S. v. Spaulding, 55 S. Ct. 273, 79 L. Ed. —, decided by the Supreme Court January 7, 1935.

In the Jent case, No. 7550, it is contended that the judgment should be affirmed on the strength of the decision in U. S. v. National Bank of Commerce of Seattle (C. C. A.) 73 F.(2d) 721; that case is not applicable for the reason therein stated, namely, that it was taken from the jury by reason of the motion of both parties for a directed verdict.

Judgments reversed.