## CARY et al. v. UNITED STATES.*
### Nos. 7743, 7744.

Circuit Court of Appeals, Ninth Circuit.
Nov. 16, 1936.

I. Henry Harris, of Los Angeles, Cal. (William C. Ring, of Los Angeles, Cal., of counsel) for appellant Williams.

Murphy & Doherty, Emmett E. Doherty, and Harry W. Dudley, all of Los Angeles, Cal., for appellant Cary.

Peirson M. Hall, U. S. Atty., and M. G. Gallaher and Jack Irwin, Asst. U. S. Attys., all of Los Angeles, Cal., for the United States.

Before WILBUR, GARRECHT and HANEY, Circuit Judges.

HANEY, Circuit Judge.

Defendants Cary and Williams are physicians, and were indicted jointly in

*Writ of certiorari denied 57 S. Ct. 435, 81 L. Ed. ——.

five counts for selling, bartering and dispensing morphine by means of prescriptions in violation of 26 U.S.C.A. § 1044. Defendant Cary was convicted on all five counts, and defendant Williams was convicted on the fifth count only. A sixth count charged conspiracy, but both defendants were acquitted on that count. Each defendant has separately appealed.

After the cases were argued before and submitted to this court, an extensive opinion was prepared. Before that opinion was handed down appellee filed three motions, the first of which asked that the bill of exceptions be stricken, and the second and third motions asked that the assignments of error filed by Cary and Williams be stricken, thus presenting these questions for the first time.

It appears that defendants were sentenced on January 9, 1935, and filed their notice of appeal on January 14, 1935. Williams on February 5, 1935, obtained an order from the trial court extending the time within which to file his bill of exceptions and assignments of error to March 18, 1935. Cary on January 24, 1935, obtained an order extending the time for filing his bill of exceptions for 30 days from January 24, 1935. Cary did not obtain an order extending the time within which to file his assignments of error until May 9, 1935.

In addition to the orders mentioned, other orders were subsequently made extending the time for filing the bill of exceptions. The assignments of error of both Cary and Williams were filed May 27, 1935. The consolidated bill of exceptions was lodged the same day, but not settled, allowed, and certified by the trial court until September 24, 1935.

Supreme Court Rule 9, relating to criminal cases (28 U.S.C.A. following section 723a) provides: "In cases other than those described in Rule VIII, the appellant, within thirty (30) days after the taking of the appeal, or within such further time as within said period of thirty days may be fixed by the trial judge, shall procure to be settled, and shall file with the clerk of the court in which the case was tried, a bill of exceptions. * * * Within the same time, the appellant shall file with the clerk of the trial court an assignment of the errors of which appellant complains. The bill of exceptions shall be settled by the trial judge as promptly as possible, and he shall give no extension of time that is not required in the interest of justice."

The meaning of this rule is clear if read literally. It says that a bill of exceptions must be filed (1) within 30 days after the appeal is taken, or (2) within such further time as may be granted by the trial judge within 30 days after the appeal is taken. The rule authorizes the trial judge to extend the 30-day period only within the 30-day period, and not within the 30-day period as extended.

With respect to appellant Williams, the order entered within 30 days after taking the appeal, permitted the filing of the bill of exceptions and assignments of error on or before March 18, 1935. They were not actually filed until May 27, 1935.

With respect to appellant Cary, the time within which he might file his assignments of error expired at the end of 30 days after the appeal was taken, for there was no order extending that time. The assignments of error were not filed within that time. Within 30 days after the appeal was taken, an order was entered extending the time to file his bill of exceptions for 30 days. The bill of exceptions was not filed within that time.

Since neither the assignments of error filed by Williams nor those filed by Cary, nor the consolidated bill of exceptions, were filed within the time permitted by the rule of the Supreme Court mentioned, they must be stricken. However grave the consequences may be, we have no authority to alter the rules of the Supreme Court, but must apply them as they are written.

Supporting the construction herein given are the following cases: Spero v. U. S. (C.C.A.8) 85 F.(2d) 134; Cusamano v. U. S. (C.C.A.8) 85 F.(2d) 132; Wolpa v. U. S. (C.C.A.8) 84 F.(2d) 829; Slade v. U. S. (C.C.A.10) 85 F.(2d) 786, decided September 17, 1936; and Yep v. U. S. (C.C.A.10) 81 F.(2d) 637. Dicta in Fierman v. U. S. (C.C.A.3) 84 F.(2d) 968, suggests a contrary holding, but is not an adjudication to that effect. In U. S. v. Adamowicz (C.C.A.2) 82 F. (2d) 288, White v. U. S. (C.C.A.4) 80 F. (2d) 515, and in Gallagher v. U. S. (C. C.A.8) 82 F.(2d) 721, 722, the question was left undecided.

After striking the assignments of error and the bill of exceptions, nothing remains before us for consideration.

Affirmed.