## ST. CHARLES v. UNITED STATES.*
### Nos. 7921, 7922.

Circuit Court of Appeals, Ninth Circuit.

Nov. 25, 1936.

R. E. Parsons, Samuel L. Rummel, Fred W. Morrison, and James E. Fenton, all of Los Angeles, Cal., for appellant.

Peirson M. Hall, U. S. Atty., and M. G. Gallaher and Howell Purdue, Asst. U. S. Attys., all of Los Angeles, Cal., for the United States.

Before WILBUR, GARRECHT, and HANEY, Circuit Judges.

HANEY, Circuit Judge.

Appellant seeks review of convictions on each of two counts in an indictment.

Two other defendants and appellant were indicted in one count for robbery and attempted robbery of a national bank, in violation of 12 U.S.C.A. § 588b. The three defendants were charged in the second count with a conspiracy to rob a national bank. The first trial resulted in a verdict of guilty against appellant on the second count, but the jury was unable to reach an agreement as to the first count. An appeal was taken from the judgment upon said conviction. At the second trial on the first count, the jury returned a verdict of guilty against appellant, from the judgment on which an appeal was taken.

Appellee has filed motions to strike the bill of exceptions and assignments of error in each appeal. With respect to the first count, the verdict of guilty was returned on July 12, 1935, sentence was pronounced on July 15, 1935, and notice of appeal was filed on July 19, 1935. On July 30, 1935, an order was entered, extending the time within which to file the bill of exceptions to and including September 19, 1935. The assignments of error were not mentioned in this order. Subsequent orders extending the time within which both the bill of exceptions and assignments of error might be filed, were entered on September 6, 1935, October 21, 1935, and December 1, 1935. Appellant filed his assignment of errors on December 9, 1935, and on the same day lodged the bill of exceptions with the clerk. The bill was settled and certified on January 20, 1936.

In the appeal from the conviction on the second count, the pertinent dates are as follows: The verdict was returned on June 15, 1935, sentence was pronounced on July 15, 1935, and notice of appeal was filed on July 19, 1935. An order was entered on July 30, 1935, extending the time within which the bill of exceptions might be filed to and including September 19, 1935. No mention was made of assignments of error in this order. Subsequent orders extending the time within which both the bill of exceptions and assignments of error might be filed, were entered on September 6, 1935, October 16, 1935, November 21, 1935, December 17, 1935, January 24, 1936, February 24, 1936, March 7, 1936, and March 20, 1936. The assignments of error were filed on March 25, 1936, and on the same day the proposed bill of exceptions was lodged with the clerk. The bill was settled and certified on August 15, 1936.

Rule 9 of the Rules of the Supreme Court (28 U.S.C.A. following section 723a), adopted May 7, 1934, and effective September 1, 1934, provides: *"Bill of Exceptions.* In cases other than those described in Rule VIII, the appellant, within thirty (30) days after the taking of the appeal, or within such further time as within said period of thirty days may be fixed by the trial judge, shall procure to be settled, and shall file with the clerk of the court in which the case was tried, a bill of exceptions setting forth the proceedings upon which the appellant wishes

*Rehearing denied Jan. 11, 1937. Writ of certiorari denied 57 S. Ct. 317, 81 L. Ed. ——.

464

to rely in addition to those shown by the clerk's record as described in Rule VIII. Within the same time, the appellant shall file with the clerk of the trial court an assignment of the errors of which appellant -complains. The bill of exceptions shall be settled by the trial judge as promptly as possible, and he shall give no extension of time that is not required in the interest of justice."

The language of Criminal Rule 9, supra, is clear and unequivocal. It means that an order is ineffectual to extend the time within which a bill of exceptions and assignment of errors may be filed, unless such order is entered within 30 days after the appeal was taken. We so held in Cary and Williams v. U. S., 86 F. (2d) 461, decided November 16, 1936. The fact that the term is extended to a later time has no effect. The rule obviously prohibits the filing of the bill and assignments at any other time than within 30 days, or within the time fixed by an order entered within 30 days after the appeal is taken, regardless of whether the term has or has not expired. The motions are granted.

After granting the motions, no question is left for our decision.

Affirmed.