## HIGHTOWER v. UNITED STATES.
### No. 8172.

Circuit Court of Appeals, Ninth Circuit.
Feb. 1, 1937.

Rehearing Denied March 8, 1937.

Robert L. Fortune, of Phœnix, Ariz., for appellant.

F. E. Flynn, U. S. Atty., and George E. Wood, Asst. U. S. Atty., both of Phœnix, Ariz.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

PER CURIAM.

▮ This is an appeal from a conviction on a charge of violating the Harrison Narcotic Act, as amended (26 U.S.C.A. §§ 1040–1054, 1383–1391). The appellee moves to strike out the bill of exceptions on the ground that it was not filed or settled in time. The judgment was rendered March 3, 1936. The appeal was taken March 6th. The bill of exceptions recites that it was filed within the time allowed by an order dated June 8, 1936. The thirty-day period fixed by rule 9 of the Rules of Practice and Procedure in Criminal Cases had expired. 28 U.S.C.A. following section 723a. It follows that the motion to strike out the bill of exceptions must be granted. St. Charles v. United States (C.C.A.9) 86 F. (2d) 463, decided November 25, 1936; Cary

& Williams v. United States (C.C.A.9) 86 F.(2d) 461, decided November 16, 1936; Slade v. United States (C.C.A.) 85 F.(2d) 786; United States v. Ray (C.C.A.2) 86 F.(2d) 942, decided December 21, 1936.

No other question remains save the sufficiency of the indictment to charge an offense. A similar indictment was upheld by us in Du Vall v. United States, 82 F.(2d) 382.

■ It should be added that a motion to quash is contained in the transcript and that certain extensions of time also appear in the transcript. Neither can be considered as a part of the record. To become a part of the record they must be incorporated in the bill of exceptions.

Judgment affirmed.