102

Ernest R. Simon and Clarence B. Conlin, both of Los Angeles, Cal., for appellants.

Peirson M. Hall, U. S. Atty., and Carl Eardley and Jack L. Powell, Asst. U. S. Attys., all of Los Angeles, Cal.

Before GARRECHT and HANEY, Circuit Judges, and NETERER, District Judge.

GARRECHT, Circuit Judge.

As to each of these appeals appellee has filed a motion to strike the bill of exceptions and assignment of errors.

The verdict of guilty was returned against the defendants November 7, 1935, and sentence was pronounced November 18, 1935.

Notice of appeal was filed by August Wunderlich and Walter Miller November 20, 1935, and by Carl Carrillo November 21, 1935. By order entered December 17, 1935, on stipulation of the parties, time within which to file the bill of exceptions and assignment of errors was extended to February 1, 1936. On January 30, 1936, time within which to settle and file the bill of exceptions and assignment of errors was by order extended to February 15, 1936. On February 13, 1936, a further extension was ordered allowing defendants to February 29, 1936, within which to settle and file the bill of exceptions and file the assignment of errors. On February 28, 1936, the assignment of errors was filed and an order entered extending the time within which to settle and file the bill of exceptions to March 31, 1936, and on that day the bill of exceptions was settled and filed.

As the bill of exceptions and assignment of errors were not filed within 30 days after the taking of the appeal, or within a further time fixed by the trial judge within said period of 30 days, as provided by rule 9 of the Rules of Practice and Procedure in Criminal Cases Appeals (28 U.S.C.A. following section 723a), the motion of the government to strike the bill of exceptions and assignment of errors must be granted. St. Charles v. United States (C.C.A.9) 86 F.(2d) 463; Williams v. United States, and Cary v. United States (C.C.A.9) 86 F.(2d) 461.

Appellants, however, urge that even if the motion to strike the bill of exceptions and assignment of errors should be granted, that it sufficiently appears from the indictment that the court was without jurisdiction to try the offenses charged therein.

Appellants, with two other defendants, were indicted by the grand jury for the Southern District of California on the 28th day of August, 1935. The indictment contained four counts.

In the first count the defendants were charged with piracy in violation of title 18, section 481, U.S.C.A.; in the second count with attacking a vessel with intent to plunder in violation of title 18, section 489, U.S.C.A.; in the third count with breaking and entering a vessel in violation of title 18, section 490, U.S.C.A.

The indictment sets out that on July 8, 1935, the defendants in pursuance of a conspiracy boarded the Monte Carlo and with the use of guns robbed the employees, officers and crew of the vessel of approximately $21,000 in United States coin and currency and of jewelry of the approximate value of $10,000.

The appellants were brought to trial and convicted by a jury on counts 2 and 4, and sentenced. From such conviction this appeal was prosecuted.

Count 2 is as follows:

"And the grand jurors aforesaid, upon their oath aforesaid, do further present:

"That Harry Allen Sherwood, Carl Carrillo, Walter Miller, August Wunderlich and Frank Gibbons, hereinafter called the defendants, whose full and true names are, and the full and true name of each of whom is, other than as herein stated, to the grand jurors unknown, each late of the Central Division of the Southern District of California, heretofore, to-wit: on or about the 8th day of July, A. D. 1935, did then and there wilfully, knowingly and feloniously, upon the high seas and within the admiralty and maritime jurisdiction of the United States of America and within the jurisdiction of this court and out of the jurisdiction of any particular state of the United States and within the exclusive jurisdiction of the United States of America and of this Honorable Court, in which said division and district the said defendants were first found after the commission of the offense hereinafter alleged, by surprise and by open force maliciously attack and set upon that certain vessel known as the 'Monte Carlo', being then and there a vessel belonging to a citizen or citizens of the United States, whose name or names is or are to the Grand Jurors unknown, with an intent unlawfully to plunder the same, and, to despoil the owner thereof, did remove, rob, steal and take away from the officers, crew and employees of said vessel 'Monte Carlo', money, goods and merchandise, to-wit: approximately Twenty-one Thousand Dollars ($21,000.00) in currency and coin of the United States of America and jewelry of the approximate value of Ten Thousand Dollars ($10,000.00), said money and jewelry being then and there under the immediate control and supervision of the officers and crew of said vessel 'Monte Carlo', and said money, goods and merchandise being laden on board thereof and neither said money nor property being the property of said defendants or either or any of them.

"Contrary to the form of the statute in such case made and provided and against the peace and dignity of the United States of America."

The fourth count charges a conspiracy to do the unlawful acts alleged in the other counts.

Title 18, section 489, U.S.C.A., under which the second count of the indictment was drawn, provides that the acts prohibited by that section are punishable when performed "upon the high seas or on any other waters within the admiralty and maritime jurisdiction of the United States."

Under article 1, section 8, clause 10, of the Constitution of the United States, Congress is given power "to define and punish Piracies and Felonies committed on the high Seas, and Offenses against the Law of Nations."

Article 1, section 8, clause 3, of the Constitution of the United States, gives Congress the power "To regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes."

Appellant contends in his brief that the trial court had no jurisdiction of the offenses because the crime was committed within the territorial limits of the state of California; that a crime committed within such limits is exclusively within the jurisdiction of the state of California and that "in federal criminal Statutes the phrase 'high seas' must be construed to mean that portion of the open unenclosed waters of the ocean, extending outside of the boundary line of a state, and outside of and beyond the state's territorial waters."

The indictment alleges that the unlawful acts were committed on the high seas and, since the bill of exceptions and assignments of error are not before this court, there is nothing before us which contradicts the allegations of the indictment which charges defendants with violation of the law.

There is no merit in appellants' contention that the state of California has exclusive jurisdiction of crimes committed within its limits and that in federal crim-

104

inal statutes the phrase "high Seas" must be construed to include only the unenclosed waters of the ocean extending outside of the boundary line of a state. Murray v. Hildreth (C.C.A.5) 61 F.(2d) 483; United States v. Newark Meadows Imp. Co. (C. C.) 173 F. 426. See, also, In re Ross, 140 U.S. 453, 471, 11 S.Ct. 897, 35 L.Ed. 581.

Regardless of whether the Monte Carlo was on the high seas at the time of the robbery, the District Court had jurisdiction of the offense. The statute under which the second count was drawn (18 U.S.C.A. § 489) provides not only that acts prohibited under that section are punishable when committed on the high seas but also when committed "in any other waters within the admiralty and maritime jurisdiction of the United States."

The Constitution of the United States provides that the judicial power of the United States shall extend to all cases of admiralty and maritime jurisdiction (article 3, § 2, cl. 1). Although, in the absence of legislation by Congress, the courts merely by virtue of this grant of judicial power have no jurisdiction of maritime crimes and offenses, Manchester v. Commonwealth of Massachusetts, 139 U.S. 240, 262, 11 S. Ct. 559, 35 L.Ed. 159, this clause does give Congress power to provide for the punishment of offenses committed upon any navigable waters other than those of the high seas, although within the jurisdiction of a state, United States v. Flores, 289 U.S. 137, 53 S.Ct. 580, 77 L.Ed. 1086; Imbrovek v. Hamburg-American Steam Packet Co. (D. C.) 190 F. 229, affirmed Atlantic Transport Co. v. Imbrovek (C.C.A.) 193 F. 1019 and Id., 234 U.S. 52, 34 S.Ct. 733, 58 L.Ed. 1208, 51 L.R.A.(N.S.) 1157; United States v. Jackalow, 1 Black (66 U.S.) 484, 487, 17 L.Ed. 225.

Affirmed.