### LONG v. UNITED STATES. *
### No. 8200.

Circuit Court of Appeals, Ninth Circuit.
June 7, 1937.

*Rehearing denied July 26, 1937.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

WILBUR, Circuit Judge.

Appellant was indicted on July 6, 1935, in an indictment containing two counts for violations of the Harrison Narcotic Act (26 U.S.C.A. §§ 692, 696, see 26 U.S.C.A. §§ 1043, 1044 (a) (c–g). He was convicted on the first count and acquitted on the second count on February 29, 1936, and sentenced on March 4th. On March 6, 1936, he filed notice of appeal with the trial court. A duplicate of this notice was filed with the clerk of this court on May 13, 1936.

Appellee has moved this court to strike out the bill of exceptions and the assignment of errors.

On April 9, 1936, the time to settle the bill of exceptions was extended to May 11, 1936. On May 8, June 3, July 13, August 27, September 30, and October 20, orders were made purporting to extend the time to settle the bill of exceptions. These orders were without legal effect because beyond the jurisdiction of the court. On November 9th an order was entered settling the bill of exceptions. On the same date the judge signed the certificate to the bill of exceptions reciting that "the said bill of exceptions was duly proposed and duly and regularly filed with the clerk of said court, and thereafter duly and regularly served within the time authorized by law; and that no amendments were proposed to said bill of exceptions except such as are embodied therein; that due and regular notice of time for settling and certifying the said bill of exceptions was given and the same is hereby approved, settled and allowed and is hereby made a part of the record in this cause."

Assignments of error were served and filed October 27, 1926.

The time for filing the bill of exceptions expired within thirty days after taking the appeal (Criminal Appeals Rule 9 [28 U.S.C.A. following section 723a]) unless within that period additional time was allowed. It follows that the bill of exceptions not having been settled within the time fixed by rule of the Supreme Court, the District Judge was without authority to settle the bill. Ray v. United States, 57 S.Ct. 700, 81 L.Ed. ——, filed April 26, 1937; St. Charles v. United States (C.

George F. Macdonald, of Phœnix, Ariz., and Chauncey Tramutolo, of San Francisco, Cal., for appellant.

F. E. Flynn, U. S. Atty., and George E. Wood, Asst. U. S. Atty., both of Phœnix, Ariz., for appellee.

C.A.) 86 F.(2d) 463; Cary v. United States (C.C.A.) 86 F.(2d) 461.

The time for filing the assignment of errors, according to Criminal Appeals Rule 9, is the same as that for settling the bill of exceptions. The rule provides in that regard as follows:

"Within the same time, the appellant shall file with the clerk of the trial court an assignment of the errors of which appellant complains."

It follows that the assignments of error were also filed too late.

Appellant contends in his assignment of error No. 5 that the judgment pronounced upon a verdict of guilty on the first count of the indictment was wholly inconsistent with the verdict of not guilty on the second count "in that, as appears from the indictment and the instructions of the court, each of the alleged offenses in counts one and two was based on an alleged single transaction, namely, one sale of one bottle of morphine to one person at the same time and place." This question arises on the face of the indictment and verdict. Consistency in a verdict is not necessary. Dunn v. U. S., 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356, 80 A.L.R. 161; Id. (C.C.A.) 50 F.(2d) 779, 781; Yep v. U. S. (C.C.A.) 81 F.(2d) 637.

In view of the fact that this court has supervisory control over the settlement of a bill of exceptions and the preparation of record in criminal appeals (Criminal Appeals Rule 4 [28 U.S.C.A. following section 723a]; Ray v. U. S., supra), we called upon the clerk of the District Court to certify the orders of extension, and our statement concerning these extensions is based upon this certificate.

We have held that a bill of exceptions should show on its face that it was settled within the term and time fixed by law [U. S. v. Payne (C.C.A.) 72 F.(2d) 593; U. S. v. Paul (C.C.A.) 76 F.(2d) 132; Welch v. St. Helens Petroleum Co. (C.C.A.) 78 F.(2d) 631] and that this may be shown in the certificate of the trial judge approving and settling the bill [U. S. v. Paul, supra, and Welch v. St. Helens Petroleum Co., supra]; but it does not follow that we are bound to accept such an assertion of jurisdiction when it is contrary to the fact, particularly under the new criminal appeals rules giving this court supervisory power over the preparation of the record on appeal. This court could

order the trial court to include the orders granting extensions of time in the bill of exceptions. Ray v. U. S., supra. We think such procedure unnecessary in the case at bar, however. See, Yep v. U. S. (C.C.A.) 83 F.(2d) 41; Hightower v. U. S. (C.C.A.) 88 F.(2d) 302.

We have examined the bill of exceptions in the case at bar and find no reason for exercising our discretionary power to extend the time to settle and file the bill of exceptions. Ray v. U. S., supra. The bill contains 23 pages, all but one of which are occupied by instructions given to the jury and the exceptions thereto. It is apparent that there was no occasion for the delay of approximately eight months between the sentence and the proposal of the bill of exceptions. Our examination of the record presented by the appellant satisfies us that there has been no miscarriage of justice.

Judgment affirmed.