## DREHER v. UNITED STATES.

### No. 8472.

Circuit Court of Appeals, Ninth Circuit.
Nov. 24, 1937.

John S. Cooper, of Los Angeles, Cal., for appellant.

Peirson M. Hall, U. S. Atty., and John J. Irwin and Norman W. Neukom, Asst. U. S. Attys., all of Los Angeles, Cal.

Before GARRECHT, MATHEWS, and HANEY, Circuit Judges.

MATHEWS, Circuit Judge.

William F. Dreher was indicted, tried, convicted, and sentenced for violating the mail fraud statute (Criminal Code, § 215, 18 U.S.C.A. § 338), and has appealed.

The appeal was taken on February 20, 1937, by filing and serving a notice of appeal, in duplicate, as required by Rule 3 of the Criminal Appeals Rules promulgated by the Supreme Court on May 7, 1934 (292 U. S. 661–666, 28 U.S.C.A. following section 723a).[1] The duplicate notice of appeal was filed with the clerk of this court[2] on Febru-

---

[1] Rule 3 provides: "Appeals shall be taken by filing with the clerk of the trial court a notice, in duplicate, stating that the defendant appeals from the judgment,· and by serving a copy of the notice upon the United States Attorney. The notice of appeal shall set forth the title of the case, the names and addresses of the appellant · and appellant's attorney, a general statement of the nature of the offense, the date of the judgment, the sentence imposed, and, if the appellant is in custody, the prison where appellant is confined. The notice shall also contain a succinct statement of the grounds of appeal."

[2] Rule 4 provides: · "The clerk of the trial court shall immediately forward the duplicate notice of appeal to the clerk of the appellate court, together with a

ary 25, 1937. The record was filed here on April 21, 1937.

■ There was, and is, no assignment of errors. Such assignments are expressly required by rules 8 and 9 of the Criminal Appeals Rules, supra.[3] This requirement is not new. It is a continuation of an old requirement. See 28 U.S.C.A. §§ 861a, 861b, 862, 880, and our rule 11. Noncompliance with this requirement warrants dismissal of an appeal. E. R. Squibb & Sons v. Mallinckrodt Chemical Works, 293 U.S. 190, 191, 55 S.Ct. 135, 79 L.Ed. 279.

■ Appellant did not comply with rules 8 and 9, or either of them. He did not file an assignment of errors "within a time stated," as provided in rule 8, or "within thirty (30) days after the taking of the appeal," as provided in rule 9, or at all. No extension of the time specified in rule 9 was granted or applied for. The time within which the trial judge might have granted such an extension expired on March 29, 1937.[4] Examination of the record discloses no excuse for appellant's noncompliance with the rules, nor any reason why an extension of time should have been or should now be granted. Compare Long v. United States (C.C.A.9) 90 F.(2d) 482, 484. We

conclude, therefore, that the appeal should be dismissed.

Even if not dismissed, this appeal would be unavailing. Appellant's brief states: "The legal questions presented to and to be determined by this Court in this appeal are:

"First: Is it necessary under the law applicable to this case, that the name of some Grand Jury witness be endorsed on the indictment?

"Second: Were the fifteen indictment letters and other evidence obtained by an illegal search and seizure?"

■ These are the only questions discussed in appellant's brief.[5] These questions were raised, if at all, by exceptions to rulings which would not be reviewable by this court unless incorporated in a bill of exceptions.[6] There is no valid bill of exceptions in this case. The time within which such a bill might have been settled and filed expired on March 29, 1937. No extension of that time was granted or applied for. The bill brought here was settled and filed on March 30, 1937, one day too late. It, therefore, could not be considered. Cary v. United States (C.C.A.9) 86 F.(2d) 461, 462; St. Charles v. United States (C.C.A.9) 86 F.

statement from the docket entries in the case."

[3] Rule 8 provides: "When it appears that the appeal is to be prosecuted upon the clerk's record of proceedings, that is, upon the indictment and other pleadings and the orders, opinions, and judgment of the trial court, without a bill of exceptions, the trial judge shall direct the appellant to file with the clerk of the trial court, within a time stated, an assignment of the errors of which he complains (which may amplify or add to the grounds stated in the notice of appeal), and shall direct the clerk to forward promptly, with his certificate, to the appellate court the above-mentioned record and assignment of errors."

Rule 9 provides:

"In cases other than those described in Rule VIII, the appellant, within thirty (30) days after the taking of the appeal, or within such further time as within said period of thirty days may be fixed by the trial judge, shall procure to be settled, and shall file with the clerk of the court in which the case was tried, a bill of exceptions setting forth the proceedings upon which the appellant wishes to rely in addition to those shown by the clerk's record as described in Rule VIII. Within the same

time, the appellant shall file with the clerk of the trial court an assignment of the errors of which appellant complains. The bill of exceptions shall be settled by the trial judge as promptly as possible, and he shall give no extension of time that is not required in the interest of justice. * * *

"Upon the filing of the bill of exceptions and assignment of errors, the clerk of the trial court shall forthwith transmit them, together with such matters of record as are pertinent to the appeal, with his certificate, to the clerk of the appellate court, and the papers so forwarded shall constitute the record on appeal."

[4] Rule 13 provides that, for the purpose of computing time as specified in these rules, Sundays and legal holidays shall be excluded.

[5] The case was submitted to this court on briefs, without oral argument.

[4] [6] There was a demurrer to the indictment, but the demurrer did not raise either of the questions discussed in appellant's brief. If raised, as appellant claims to have raised them, by motion to quash, motion to suppress evidence, objections to evidence, and motions to strike evidence, these questions would not be reviewable in the absence of a valid bill of exceptions.

(2d) 463, 464; Miller v. United States (C. C.A.9) 88 F.(2d) 102; Hightower v. United States (C.C.A.9) 88 F.(2d) 302; Long **v.** United States, supra.

Appeal dismissed.