count the gifts were of present and not of future interests. The statute, as thus construed, affords ready means of tax avoidance, since a donor may create any number of trusts in the same year in favor of the same beneficiary with a $5,000 exclusion applying to each trust, whereas the gifts, if made otherwise than in trust, would in no case be subject to more than a single exclusion of $5,000." 75th Cong. 3d Sess. S. Rep. No. 1567, p. 41.

Accordingly, the statute under construction has been amended to withhold the exemption from gifts in trusts as well as those of "future interests", Act May 28, 1938, § 505(a), 52 Stat. 565, 26 U.S.C.A. § 553(b). A re-definition of the latter term would, of course, have been the more exact solution, and that being so, the plug exceeds the loophole. But this excess does not, we think, indicate any implied legislative disapproval of the interpretation we have adopted. It is only because the apprehended avoidance extended to present as well as future interests in trust that the exemption has been denied to both. Our interpretation excludes that apprehension.

The decision of the Board of Tax Appeals is reversed.

John E. Toolan, of Perth Amboy, N. J., for appellant.

Joseph W. Burns, Sp. Asst. to Atty. Gen., for appellee.

Before BIGGS, MARIS, and JONES, Circuit Judges.

PER CURIAM.

We note that the bill of exceptions in this case was neither settled nor filed within the time limited by Rule IX, Rules of Practice and Procedure in Criminal Cases, 28 U.S.C.A. following section 723a, as validly extended by the trial judge to August 15, 1939. His further extension to August 25th was invalid since it was not granted within thirty days after the taking of the appeal. Long v. United States, 9 Cir., 90 F.2d 482, certiorari denied 302 U.S. 730, 58 S.Ct. 55, 82 L.Ed. 564. We have nevertheless examined the bill of exceptions in the light of appellant's argument, but find no error therein which affected his substantial rights. See Gleckman v. United States, 8 Cir., 80 F.2d 394.

The judgment of the district court is affirmed.

## CLARK v. UNITED STATES.
### No. 7172.

Circuit Court of Appeals, Third Circuit.
Jan. 3, 1940.

Writ of Certiorari Denied March 4, 1940.

See 60 S.Ct. 609, 84 L.Ed. ——.

## UNITED STATES v. FISH.
### No. 7077.

Circuit Court of Appeals, Third Circuit.
Jan. 5, 1940.

