## RAY *v.* UNITED STATES.

No. 604.   Argued March 30, 1937.—Decided April 26, 1937.

*Mr. Reynolds Robertson,* with whom *Mr. William D. Whitney* was on the brief, for petitioner.

*Mr. Gordon Dean,* with whom *Solicitor General Reed, Assistant Attorney General McMahon,* and *Mr. William W. Barron* were on the brief, for the United States.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

Certiorari was granted to determine important questions which have arisen in the administration of the Criminal Appeals Rules promulgated May 7, 1934. 292 U. S. pp. 660 *et seq.*

Petitioner was convicted of violation of the mail fraud and conspiracy statutes. His timely appeal was taken on June 30, 1936. Within thirty days thereafter the trial judge extended the time to file a bill of exceptions to and including November 1, 1936, which was a Sunday. The trial had been long and the testimony was voluminous. On October 20, 1936, after unsuccessful efforts to obtain an agreement as to the condensation of the evidence, petitioner applied to the trial judge for an extension of time to settle and file the bill of exceptions. As it was found that the trial judge was without authority to grant that extension, petitioner sought an extension

from the Circuit Court of Appeals, but his motion was denied on October 27th. He then asked the trial judge to settle the stenographer's minutes as the bill of exceptions. That motion was first denied on October 29th, but on the following day the trial judge expressed his willingness to receive a similar application if the colloquy of counsel was stricken from the transcript, that application to be made on Monday, November 2d. On that day the bill of exceptions, so prepared, was settled and filed. On November 16, 1936, the Government moved to docket and dismiss the appeal upon the ground that petitioner had failed to comply with Rules VIII and IX of the Criminal Appeals Rules. The motion was granted. Petitioner asked for a rehearing and was heard. Insisting that it was impossible within the allotted time to set forth the evidence in condensed and narrative form, petitioner requested the Circuit Court of Appeals to exercise its discretionary power under Rule IX to the end that the defect in the bill of exceptions might be cured. That request was made simultaneously with the motion to dismiss. It appears to have been treated as a motion to amend the record and it was denied. The court took the view that as, by the assignment of errors filed with the bill of exceptions, the question was raised as to the sufficiency of the evidence to support the conviction, it was necessary under the rule that the evidence should be properly presented in condensed and narrative form. The court held that the time for the settlement of the bill of exceptions could not be enlarged, and that if the bill were returned to the trial judge he would be powerless to correct, amend or resettle it as the time for such action had expired.

Finally the court decided that petitioner was inexcusably delinquent. The court said: "This appellant had four months and has offered insufficient excuses for his delinquency. The bill of exceptions was insufficient."

The motion to amend the record was denied and the motion to dismiss the appeal was granted. 86 F. (2d) 942.

*First.*—The Government contends that the bill of exceptions filed on November 2d was too late. The Circuit Court of Appeals correctly held the contrary. The trial judge, by valid order, had extended the time "to and including the 1st day of November, 1936." That day being Sunday, on which the bill of exceptions could not be filed, the trial judge construed his order as permitting the settlement and filing on the following day. Rule XIII of the Criminal Appeals Rules provides:

"For the purpose of computing time as specified in the foregoing rules, Sundays and legal holidays (whether under Federal law or under the law of the State where the case was brought) shall be excluded."

The Government argues that this rule refers to a "computation," as where the extension is for a certain term or period, and not to a case where a specific date is fixed. The latter case is said to lie outside the rule and we are referred to various decisions which are deemed to furnish analogies for our guidance in reaching a conclusion upon a point left open. But there appears to be no reason why Rule XIII should be so narrowly construed. The phrase "For the purpose of computing time" was plainly intended to be of general application and "computing" naturally embraces whatever reckoning is necessary to fix the time allowed. When a specific date is fixed and that date falls on Sunday or a holiday, the rule for the reckoning requires that that day be excluded and hence the bill of exceptions, in this case, apart from other questions, was settled and filed in time.

*Second.*—The Circuit Court of Appeals had authority to extend the time for filing the bill of exceptions. Rule IX does limit the power of the trial judge to grant extensions. The purpose of the Rule being to expedite appeals in criminal cases, it was sought to put an end to the inor-

dinate delays due to extensions of time to prepare bills of exceptions. Such extensions had been one of the most prolific causes of the delays in the disposition of criminal appeals. Accordingly Rule IX provides:

"In cases other than those described in Rule VIII [which refers to the record on appeal without bill of exceptions], the appellant, within thirty (30) days after the taking of the appeal, or within such further time as within said period of thirty days may be fixed by the trial judge, shall procure to be settled, and shall file with the clerk of the court in which the case was tried, a bill of exceptions setting forth the proceedings upon which the appellant wishes to rely in addition to those shown by the clerk's record as described in Rule VIII."

The Rule presupposes that the trial judge, who is familiar with the proceedings on the trial, is in a position to estimate the length of time that is necessary for the preparation and filing of the bill of exceptions, and he is permitted within thirty days after the taking of the appeal to fix that time. That is the limit of his authority,[1] save as he may act under the direction of the Circuit Court of Appeals. But while this limit is placed upon

---

[1] See *White* v. *United States,* C. C. A. 4th, 80 F. (2d) 515, 516; *Yep* v. *United States,* C. C. A. 10th, 81 F. (2d) 637; *United States* v. *Adamowicz,* C. C. A. 2d, 82 F. (2d) 288; *Gallagher* v. *United States,* C. C. A. 8th, 82 F. (2d) 721; *Wolpa* v. *United States,* C. C. A. 8th, 84 F. (2d) 829; *Cusamano* v. *United States,* C. C. A. 8th, 85 F. (2d) 132; *Spero* v. *United States,* C. C. A. 8th, 85 F. (2d) 134; *Slade* v. *United States,* C. C. A. 10th, 85 F. (2d) 786; *Cary* v. *United States,* C. C. A. 9th, 86 F. (2d) 461; *St. Charles* v. *United States,* C. C. A. 9th, 86 F. (2d) 463; *Goddard* v. *United States,* C. C. A. 10th, 86 F. (2d) 884; *In re Lee,* C. C. A. 5th, 87 F. (2d) 142; *Wainer* v. *United States,* C. C. A. 7th, 87 F. (2d) 77; *Fitzpatrick* v. *United States,* C. C. A. 7th, 87 F. (2d) 471; *Miller* v. *United States,* C. C. A. 9th, 88 F. (2d) 102; *Hightower* v. *United States,* C. C. A. 9th, 88 F. (2d) 302; *Young* v. *United States,* C. C. A. 10th, 88 F. (2d) 305. Compare *Fierman* v. *United States,* C. C. A. 3d, 84 F. (2d) 968.

the power of the trial judge, the Criminal Appeals Rules give full authority to the Circuit Court of Appeals to set aside or modify his order whenever it appears that there has been an abuse of discretion or that the interests of justice require it.

The fundamental policy of the Criminal Appeals Rules is that as speedily as possible, upon the taking of the appeal, the Circuit Court of Appeals shall be invested with jurisdiction to see that the appeal is properly expedited and to supervise and control all proceedings on the appeal "including the proceedings relating to the preparation of the record on appeal." For this purpose the Rules provide that the notice of the appeal shall be filed in duplicate with the clerk of the trial court and a copy of the notice shall be served upon the United States Attorney. Rule III. By Rule IV it becomes the duty of the clerk of the trial court immediately to forward the duplicate notice of appeal to the clerk of the appellate court, together with a statement from the docket entries in the case substantially as provided in the form annexed to the Rules. This is a ministerial duty which the clerk of the trial court must perform. With respect to the authority of the Circuit Court of Appeals, Rule IV provides:

"From the time of the filing with its clerk of the duplicate notice of appeal, the appellate court shall, subject to these rules, have supervision and control of the proceedings on the appeal, including the proceedings relating to the preparation of the record on appeal.

"The appellate court may at any time, upon five (5) days' notice, entertain a motion to dismiss the appeal, or for directions to the trial court, or to vacate or modify any order made by the trial court or by any judge in relation to the prosecution of the appeal, including any order for the granting of bail."

These provisions are comprehensive. The clause that the appellate court's supervision and control shall be

"subject to these rules" refers to the rules governing the action of the appellate court. To make effective this supervision and control, any matter requiring correction may be brought before the appellate court upon the short notice of five days. Thus there may be not only a motion to dismiss the appeal but "for directions to the trial court" and "to vacate or modify *any order* made by the trial court or by any judge in relation to the prosecution of the appeal." As the supervision and control of the proceedings on the appeal expressly embraces the proceedings "relating to the preparation of the record on appeal," it cannot be said that an order made by the trial judge fixing the time for the settlement and filing of a bill of exceptions is excluded. It is, of course, assumed that the Circuit Court of Appeals will not lightly interfere with the action of the trial judge. But the Rules appropriately provide for the correction of any miscarriage of justice in this respect, and the lodging of the supervision and control with the appellate court gives the highest assurance that on the one hand the action of the trial judge will not be interfered with unnecessarily and on the other that neither party will be remediless when corrective action is required. For example, it may clearly appear on a showing by the Government that the time allowed by the trial judge for the filing of a bill of exceptions is altogether too long and that, in the interests of a reasonably prompt disposition of the appeal, it should be shortened; or it may clearly appear that the time allowed is unreasonably short and that justice requires that an extension should be granted. To give a desirable flexibility, the Rules do not attempt to lay down specific requirements to meet various situations but place upon the Circuit Court of Appeals full responsibility for the exercise of a reasonable control over all proceedings pertaining to the appeal and all the orders of the trial court or judge in that relation.

*Third.*—The Circuit Court of Appeals had authority to

return the bill of exceptions to the trial judge and to require such correction as might be found to be appropriate, including the setting forth of the evidence in condensed and narrative form. Rule IX provides:

"Bills of exceptions shall conform to the provisions of Rule 8 of the Rules of the Supreme Court of the United States.

"Upon the filing of the bill of exceptions and assignment of errors, the clerk of the trial court shall forthwith transmit them, together with such matters of record as are pertinent to the appeal, with his certificate, to the clerk of the appellate court, and the papers so forwarded shall constitute the record on appeal.

"The appellate court may at any time, on five (5) days' notice, entertain a motion by either party for the correction, amplification, or reduction of the record filed with the appellate court, and may issue such directions to the trial court, or trial judge, in relation thereto, as may be appropriate."

The authority of the Circuit Court of Appeals thus extends to the "correction, amplification, or reduction" of the record on appeal of which the bill of exceptions is a part. The appellate court is authorized to require a proper bill of exceptions and to give any directions to the trial court or trial judge that may be necessary to attain that end.

Rule 8 of the Rules of this Court to which Rule IX refers, provides (Rule 8, par. 2):

"Only so much of the evidence shall be embraced in a bill of exceptions as may be necessary to present clearly the questions of law involved in the rulings to which exceptions are reserved, and such evidence as is embraced therein shall be set forth in condensed and narrative form, save as a proper understanding of the questions presented may require that parts of it be set forth otherwise. See Equity Rule 75b, 226 U. S. Appendix, p. 23, as amended, 286 U. S. 570."

Under Equity Rule 75b we have held that the Circuit Court of Appeals is authorized, when a bill of exceptions is presented to it showing that the requirement for condensation or narration has been transgressed, to remit the transcript to the District Court so that a further opportunity may be had to comply with the Equity Rule. We also said that, in such a remission, care should be taken to require that the proceedings under the rule be conducted with reasonable dispatch. *Barber Asphalt Co.* v. *Standard Asphalt Co.*, 275 U. S. 372, 387. In that case this court concluded that the Circuit Court of Appeals had passed the bounds of sound discretion in affirming the decree appealed from, because of the violation of the Equity Rule, and upon proper terms, should have remitted the transcript to the District Court for appropriate revision. Nothing in the Criminal Appeals Rules, in incorporating the requirement of Rule 8 of the Rules of this Court, deprives the Circuit Court of Appeals of like authority in dealing with bills of exceptions in criminal cases. On the contrary, Rule IX gives to the Circuit Court of Appeals that authority. The ruling in the instant case that the trial judge could "no longer act to put the evidence in narrative form" and that the appellate court had "no power to order him to do so" is erroneous. The trial judge could act under the direction of the appellate court and that court could give whatever direction the case required in order to give effect to the Rule as to the proper preparation of the bill of exceptions.

*Fourth.*—The supervision and control of the Circuit Court of Appeals under the Criminal Appeals Rules calls for the exercise of a sound judicial discretion, and its action will not be reviewed unless it appears that its discretion has been abused. In the instant case, despite the mistaken view of its authority, the court appears to have rested its final conclusion upon the ground that,

even if the court had the power to grant petitioner's request, the circumstances justified its denial. The court pointed to the fact that petitioner had four months to procure the settlement of the bill of exceptions and the court thought his excuses insufficient. While petitioner strongly insists upon the authority of the appellate court, he apparently took no steps to have that authority exercised in his favor until toward the end of October. He complains that at that time, upon his motion for an extension of time or other relief, the court itself suggested that an application should be made to the trial judge for an order settling the stenographer's minutes as the bill of exceptions, and that the circuit judges intimated to the Government's counsel that opposition to that course should be withdrawn. This, it is said, took place on October 27th. Petitioner urges that in directing the settlement of the bill of exceptions in its inappropriate form he was but following the suggestion of the appellate court in view of his exigency and with the idea that the condensation and narration of the evidence could later be obtained. But the Circuit Court of Appeals was fully acquainted with all that had taken place. When the later motions came before the court, it was clearly entitled to review the whole matter and reach a conclusion as to the proper exercise of its discretion. It was the province of the court to weigh the petitioner's excuses. It did so and found them to be without merit. In the light of its statement as to the ultimate ground of its action we cannot say that the court failed to exercise its discretion or that its action was an abuse of discretion. In that view the order is

*Affirmed.*