## HANNON et al. v. UNITED STATES.

No. 6751 to 6755.

Circuit Court of Appeals, Third Circuit.

Sept. 30, 1938.

Leonard L. Kimball, of Pittsburgh, Pa., for appellants.

George Mashank, of Pittsburgh, Pa., for the United States.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

PER CURIAM.

This case is here on petition and motion for leave to file assignments of error and bill of exceptions.

It appears from the briefs filed herein that the appellants appealed within time but that their appeal was not perfected by the settling and filing of the bill of exceptions. When the term expired the Government moved to dismiss the appeal.

The appellants then for the first time, as we understand it, learned that their appeal had not been perfected. Counsel neglected their case and left the appellants misinformed, if not actually deceived. When the motion was made to dismiss the appeal, appellants secured other counsel whose brief contains the following statement:

"Present counsel for the appellant petitioners has heretofore refrained from casting aspersions on counsel who preceded him. Since respondent's brief has suggested that appellant petitioners suffer only from mistakes of previous counsel certain circumstances must be reiterated in answer thereto. Previous counsel for the appellant petitioners were more than mistaken in their actions. From all the circumstances it appears that the appellant petitioners were abandoned in the midst of the prosecution of the appeal and that they were, at all times, led to believe that the appeal had been perfected. In fact, the appellant petitioners paid hundreds of dollars to previous counsel in order to have paper books printed and briefs prepared. Prior to the date set for the arguments the appellant peti-

tioners were unable to contact counsel and suffered to be bandied about by promises and misrepresentations. These actions may have been unintentional but the fact remains that the appellant petitioners are about to be deprived of their right of appeal for causes beyond their control. It has been suggested in respondent's brief that it would create a bad precedent if an appellant were allowed to enjoy an extension of time during an appeal because of actions of counsel. It is submitted, however, that each case must rest upon its own merits, so far as corrective measures are concerned. In this case the circumstances point to actions which are tantamount to misrepresentations, something more than neglect. At the time of the oral argument on the motion this court was convinced that corrective measures should be taken and the sole question was, whether or not the power to do so existed."

At the argument we were in doubt as to whether or not we had power to allow the motion. Appellants say that the new rules of Practice and Procedure in Criminal Cases, Nos. 4, 9 and 6, 28 U.S.C.A. following section 723a, and the cases of Ray v. United States, 301 U.S. 158, 57 S.Ct. 700, 81 L.Ed. 976; Forte v. United States, 302 U.S. 220, 58 S.Ct. 180, 82 L.Ed. 209; Kay v. United States, 303 U.S. 1, 58 S.Ct. 468, 82 L.Ed. 607, interpreting these rules, give us that power. In the Government's brief, opposing the motion, it is stated that: "It is admitted by the respondent, the United States, that the Circuit Court of Appeals has the power to extend the time for filing the bill of exceptions provided that in the sound discretion of the appellate court an extension should be granted." Then follow the citations of the three authorities above quoted.

But even without the new rules there was a well established exception to the general rule that in ordinary cases appellate courts will not consider errors to which objection and exception were not taken at the trial. Judge Sanborn stated this exception as follows: "In criminal cases, involving the life or liberty of the accused, the appellate courts of the United States may notice and correct, in the interest of a just enforcement of the law, serious errors in the trial of their cases, fatal to the defendant's rights, although these errors were not challenged or reserved by objections, exceptions, or assignments of error." Lamento v. United States, 8 Cir., 4 F.2d 901,

904. See also the cases which he cited in support of his statement.

■■ The Government concedes that we have the power to allow the petition but argues that we should not do so because it would set a bad precedent. Every case stands on its own facts and upon the facts in this case we feel that we should exercise this conceded power.

The motion is allowed with directions to the District Judge to permit the assignments of error to be filed, and to settle the bill of exceptions.