HARRIS, District Director of Immigration, etc., v. BISZKOWICZ.

No. 11123.

Circuit Court of Appeals, Eighth Circuit.

Jan. 16, 1939.

Maurice M. Milligan, U. S. Atty., and Randall Wilson, Asst. U. S. Atty., both of Kansas City, Mo., for appellant.

Jerome Walsh, of Kansas City, Mo., submitted for appellee.

Before STONE, WOODROUGH, and VAN VALKENBURGH, Circuit Judges.

WOODROUGH, Circuit Judge.

This appeal is taken by the District Director of Immigration and Naturalization at Kansas City from a judgment granting a writ of habeas corpus to discharge the alien immigrant appellee who was held in custody under an order issued by the Assistant to the Secretary of Labor to deport the alien to Poland whence he had come.

The alien petitioned the District Court for habeas corpus on the ground that he had been required to submit to an alleged

hearing before an immigration inspector touching the legality of his residence and entry into the United States which hearing was "allegedly held to afford him an opportunity to show cause why he should not be deported", but that the hearing was not fair, impartial or legal; that it was "a mere sham and a pretense", and "that it was unfairly conducted and that no proper opportunity or time was afforded your petitioner for the preparation of a defense to the charge made or to gather evidence to rebut the same and to establish his right to residence in the United States of America; that at said hearing the Inspector in charge thereof instructed and dictated to the stenographer what answers to write in the record as having been given by the alleged alien, which in many instances were false and untrue, and that the attorney representing your petitioner was not permitted to make proper objections to the course of the hearing or to the alleged evidence elicited therein; that no opportunity was given (him) to produce evidence reflecting the legality of his entry into the United States, although opportunity was promised so to do, prior to any summarization of the evidence by the said Inspector in charge or his recommendation thereon." He claimed that the deportation order under which he was in custody was based upon the alleged sham and pretended hearing and that it was void.

The District Director made return to the writ granted on the alien's presentation of the petition for habeas corpus in which return each and every allegation of the petition was denied and it was alleged that the warrant of deportation had been duly and legally issued after fair, proper and legal hearings had been accorded as required by law. The Director also submitted to the Court the certified record of all proceedings by the Department of Labor upon the warrant of arrest of petitioner, including the accusation against him that he was in this country unlawfully in that he had entered the country without having an unexpired immigration visa as required by Immigration Act May 26, 1924, 8 U.S.C.A. §§ 213, 214, 221, the hearings thereon, the findings and conclusions and the order of deportation. The return of the Director raised no question as to the sufficiency in law of the habeas corpus petition and none has been argued here.

A trial was had in the District Court of the issues joined upon the petition for the writ of habeas corpus and the return thereto, and in addition to the certified record submitted with the return and a stipulation of the parties as to certain of the facts, the court heard the testimony of sundry witnesses. At the conclusion of the trial, the court made findings that the hearing which had been conducted by the Bureau of Immigration and Naturalization for the purpose of determining whether or not the alien was lawfully admitted to the United States, was an unjust and unfair hearing, and that no evidence had been adduced at such hearing upon which to base a finding that the alien had unlawfully entered the United States. The court also found that the evidence adduced at the hearing before it disclosed that on the date of the alien's entry into the country the alien had certain proper and necessary documents under the laws of the United States and issued by the United States Department of Immigration and Naturalization which were regular upon their face and which were taken and retained by the officers at the port of entry. It was not specifically found that the alien immigrant then had an unexpired visa in the language of 8 U.S. C.A. § 213 ("No immigrant shall be admitted to the United States unless he has an unexpired immigration visa"). The alien was discharged from custody.

The record on this appeal discloses that on the trial of the issues in the District Court the Director made no motion for judgment in his favor at the conclusion of all the evidence and no request for findings of fact or declarations of law and no motion challenging the sufficiency of the evidence to sustain a judgment against him. He took no exception to any particular ruling, finding or conclusion of the Court, the only exception reserved by him being a general exception to the findings and judgment as a whole. He took no steps to have a bill of exceptions prepared, settled or allowed, and none was preserved. His assignments of error are five in number and each is in general terms and in form which this court has frequently declared insufficient. None of them includes any specific ruling or action or inaction of the trial court upon which any question of law is presented for our consideration. In Mutual Benefit Health & Accident Ass'n v. Bowman, 8 Cir., 99 F.2d 856, 857, we said: "As this is an action at law, we have, under the Constitution (Amendment 7), U. S.C.A.Const.Amend. 7, no jurisdiction to

review or reexamine the facts, but can consider only questions of law. In the absence of a motion for judgment in favor of defendant, or other similar proceeding challenging the sufficiency of the evidence, no question of law is presented for our consideration. Fleischmann Const. Co. v. United States, 270 U.S. 349, 46 S.Ct. 284, 70 L.Ed. 624; Baker Ice Mach. Co. v. Hebert, 8 Cir., 76 F.2d 73; Armstrong v. Metropolitan Life Ins. Co., 8 Cir., 85 F.2d 185; Becher-Barrett-Lockerby Co. v. Northern Pacific Ry. Co., 8 Cir., 89 F.2d 752; Gerlach v. Chicago, R. I. & P. Ry. Co., 8 Cir., 65 F.2d 862; Alliance Life Ins. Co. v. Saliba, 8 Cir., 87 F.2d 937; Roberts v. National Savings Life Ins. Co., 8 Cir., 75 F.2d 530; New York Life Ins. Co. v. Doerksen, 10 Cir., 75 F.2d 96."

The appeal was taken and the briefs on both sides were filed before the effective date of the Rules of Civil Procedure (September 1, 1938), but the rules having become effective before the decision of the appeal, this court of its own motion issued an order to show cause why all the relevant evidence should not be brought before the court pursuant to Rule 75(h) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.[1] Counsel appeared in response to the show cause order and argument was had. We were not persuaded that material matter had been omitted from the record on appeal by error or accident within Rule 75(h) or that it would be feasible within Rule 86[2] to apply the new rules in the further proceedings in the action in this court. Notwithstanding the broad powers conferred upon us by the new rules (Ray v. United States, 301 U.S. 158, 57 S.Ct. 700, 81 L.Ed. 976; Forte v. United States, 302 U.S. 220, 58 S.Ct. 180, 82 L.Ed. 209; Kay v. United States, 303 U.S. 1, page 10, 58 S.Ct. 468, 82 L.Ed. 607) we doubt the feasibility of reconstructing the record here so as to enable us to make a full and complete review of all the proceedings and rulings of the trial court with justice to the parties.

The judgment granting the writ of habeas corpus can not in any event operate as res adjudicata beyond the adjudication that the prisoner was "at the time illegally in custody, and of the issues of law and fact necessarily involved in that result." Collins v. Loisel, 262 U.S. 426–430, 43 S.Ct. 618, 619, 67 L.Ed. 1062. If, as found by the trial court upon the evidence before him, the alien immigrant was not accorded a fair and impartial hearing upon the charges against him, then clearly he was denied rights to which he was entitled. We must decline to review the judgment in the absence of any questions of law properly preserved and presented for our consideration.

Affirmed.

[1] "If anything material to either party is omitted from the record on appeal by error or accident or is misstated therein, the parties by stipulation, or the district court, either before or after the record is transmitted to the appellate court, or the appellate court, on a proper suggestion or of its own initiative, may direct that the omission or misstatement shall be corrected, and if necessary that a supplemental record shall be certified and transmitted by the clerk of the district court."

[2] "They [the Rules of Civil Procedure] govern all proceedings in actions brought after they take effect and also all further proceedings in actions then pending, except to the extent that in the opinion of the court their application in a particular action pending when the rules take effect would not be feasible or would work injustice, in which event the former procedure applies."