## ROSS v. UNITED STATES.
### No. 8856.

Circuit Court of Appeals, Ninth Circuit.
Feb. 24, 1939.

R. M. Crookshank, of Santa Ana, Cal., and Russell Graham, of Los Angeles, Cal., for appellant.

Ben Harrison, U. S. Atty., and Norman W. Neukom, Asst. U. S. Atty., both of Los Angeles, Cal.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

Appellant was indicted on March 23, 1938, in an indictment on seven counts for violations of Section 211 of the Criminal Code, as amended, 18 U.S.C.A. § 334. Appellant was found guilty on the first four counts and not guilty on counts five and seven. Count six was dismissed on motion of the prosecution.

The following recital appears in a document entitled "Bill of Exceptions" which is printed in the transcript before this court:

"That on the 4th day of April, 1938, the defendant appeared for arraignment, stated his true name to be Lecil E. Ross, and upon being required to plead the defendant entered his plea of not guilty and a special plea that he had been heretofore acquitted of each of the offenses charged in the indictment.

"That on the 2nd day of May, 1938, the above entitled cause came on regularly for hearing on the said special plea at which time the defendant, acting as his own counsel, introduced in support of the said special plea indictment No. 13398-J entitled 'United States of America v. Lecil E. Ross', in the above entitled court [United States District Court for the Southern District of California, Central Division] together with the instructions of the Court to the jury upon the trial of the said last mentioned cause and the verdict of not guilty returned by the jury on the trial of said cause.

"The Court after hearing and considering the plea of former acquittal and the evidence and the arguments relating to the

plea of said former acquittal denied the said plea to which defendant excepted."

The "Bill of Exceptions" does not contain any of the mentioned documents recited to have been introduced in evidence, nor does it set out any other evidence relating to said "special plea". In the transcript filed with this Court there are printed, but not as part of the "Bill of Exceptions", several documents. Among them are, a document entitled "Plea of Defendant In re Double Jeopardy"; a document entitled "Indictment, No. 13398-J"; a document purporting to be an order of the District Court in No. 13,398-J Crim. continuing said cause for setting for trial on defendant's plea of not guilty; a document entitled "No. 13,398-J Crim. Verdict"; and an order of the District Court in the present cause denying defendant's plea of former jeopardy and granting to defendant an exception to said ruling.

The "Plea of Defendant In Re Double Jeopardy" alleges a formal trial and acquittal of defendant in the District Court on an indictment entitled "U. S. v. Lecil E. Ross, No. 13,2[3?]98-J". It further alleges that the offense of which defendant was tried and acquitted "is the same offense of which the defendant is now charged by the indictment herein". The remaining documents above listed are printed in the transcript in the order named and next following the said "Plea". It does not appear that any of them were attached to said plea as exhibits or otherwise made a part thereof. All of the documents mentioned have been certified to us by the clerk of the District Court.

One of appellant's contentions before this Court is that it was error to deny his "plea of former acquittal". In the present state of the record it is not possible for us to consider this point because the evidence necessary to its determination is not before us.

Rule 9 of the rules of the Supreme Court regulating criminal appeals, 292 U. S. 659, 660, 664, 28 U.S.C.A. following section 723a, provides, in part, that,

"In cases other than those described in Rule VIII [dealing with "Record on appeal without bill of exceptions"], the appellant, within thirty (30) days after the taking of the appeal, or within such further time as within said period of thirty days may be fixed by the trial judge, shall procure to be settled, and shall file with the clerk of the court in which the case was tried, a bill of exceptions setting forth the proceedings upon which the appellant wishes to rely in addition to those shown by the clerk's record as described in Rule VIII. * * *

"Upon the filing of the bill of exceptions and assignment of errors, the clerk of the trial court shall forthwith transmit them, together with such matters of record as are pertinent to the appeal, with his certificate, to the clerk of the appellate court, and the papers so forwarded shall constitute the record on appeal."

The "clerk's record" as described in Rule 8 (292 U.S. 664), 28 U.S.C.A. following section 723a is, "the indictment and other pleadings, and the orders, opinions, and judgment of the trial court."

The "clerk's record" on this appeal includes defendant's "Plea" and the order denying the same, but does not, under the quoted rules, properly include the purported indictment, order, and verdict in cause No. 13398-J. Consequently, these documents, not being before us as part of the "clerk's record" and not being incorporated in the "Bill of Exceptions" may not be considered by us, even though they have been certified by the clerk and forwarded to this Court. Wainer v. U. S., 7 Cir. 1937, 87 F.2d 77, 80; Cusamano v. U. S., 8 Cir. 1936, 85 F.2d 132, 133.

However, in criminal appeals our authority is such as to allow for the correction of any miscarriage of justice in respect to the settlement of the bill of exceptions. If necessary we can allow amendments to the bill of exceptions. Ray v. United States, 301 U.S. 158, 57 S.Ct. 700, 81 L.Ed. 976; Forte v. United States, 302 U.S. 220, 58 S.Ct. 180, 82 L.Ed. 209; Kay v. United States, 303 U.S. 1, 9, 58 S. Ct. 468, 82 L.Ed. 607.

Wherefore, it is hereby ordered that the time for presentation to the trial court and the time for allowance by the trial court of the bill of exceptions is hereby extended and enlarged to the twenty-fifth day of March, 1939, and the trial court is hereby ordered to include as a part of the engrossed bill of exceptions within such extended and enlarged time all of the evidence introduced upon the hearing of such special plea.