## MILLER v. UNITED STATES.

No. 6970.

Circuit Court of Appeals, Third Circuit.

May 16, 1939.

Rehearing Denied June 1, 1939.

Patrick J. Friel, of Philadelphia, Pa., for appellant.

J. Cullen Ganey, U. S. Atty., and Francis W. Sullivan, both of Philadelphia, Pa. (Blair M. Ilderton, Atty., Alcohol Tax Unit, of Philadelphia, Pa., of counsel), for the United States.

Before BIGGS, CLARK, and BIDDLE, Circuit Judges.

BIDDLE, Circuit Judge.

Lamont, alias "Monk", Miller and others were convicted of a conspiracy to violate certain sections of the revenue statutes by evading taxes through failure to make proper entries, and removing the liquor without affixing revenue stamps. Miller appeals to us on the ground that the evidence was insufficient to sustain his conviction.

Notice of the appeal was given the same day as the judgment, December 8, 1937. The District Court twice attempted to enlarge the time within which the bill of exceptions should have been filed—on February 9 and March 8, 1938. The last order purported to extend the time for sixty days, until May 8, 1938. Rule IX of the Criminal Appeals Rules, 28 U.S.C.A. following section 723a, provides that the appellant shall file his bill "within thirty (30) days after the taking of the appeal, or within such further time as within said period of thirty days may be fixed by the trial judge * * *." The bill of exceptions was not filed until May 23, 1938. The district court's orders were therefore without effect. The Government moves to dismiss the appeal. Our court, under Rule IV, still has control of "the proceedings relating to the preparation of the record on appeal", and may exercise its sound discretion to prevent the miscarriage of justice by refusing the motion, Forte v. United States, 302 U.S. 220, 58 S.Ct. 180, 82 L.Ed. 209; Kay v. United States, 303 U.S. 1, 9, 58 S.Ct. 468, 82 L.Ed. 607; and by directing the trial court to enter an order, enlarging the time, nunc pro tunc. Ray v. United States, 301 U.S. 158, 161, 164, 57 S.Ct. 700, 702, 81 L.Ed. 976. That case pointed out that the "purpose of the rule [IX] being to expedite appeals in criminal cases, it was sought to put an end to the inordinate delays due to extensions of time to prepare bills of exceptions." There failure to act for four months .had been considered "inexcusably delinquent." Here more than five months have elapsed. Compelling reasons only should move us in exercising discretion in appellant's favor. No such reasons appear.

Appellant complains that the verdict is not supported by the evidence. But there was ample evidence to show that Miller was operating the Ashland Brewery; and sufficient evidence to relate the beer in question to that brewery. Rubio v. United States, 9 Cir., 22 F.2d 766. There was evidence of illegal acts of other defendants in connection with this operation.

The witness Brooks, a former government inspector of breweries, calculated the production of beer at the brewery from the materials reported to the Government, which showed a discrepancy far too great to be accounted for by any margin of error. Appellant claims this evidence should not have been admitted. We consider the evidence relevant and telling. See Bergdoll v. Pollock, 95 U.S. 337, 24 L.Ed. 512; Wigmore on Evidence, 2nd Ed., § 1923, § 1918.

The motion to dismiss the appeal is granted.