## SCHACKOW et al. v. GOVERNMENT OF THE CANAL ZONE.

### No. 9097.

Circuit Court of Appeals, Fifth Circuit.

June 15, 1939.

Jones T. Prowell, of New Orleans, La., and Chauncey P. Fairman, of Cristobal, Canal Zone, for appellants.

Rene A. Viosca, U. S. Atty., and Robert Weinstein, Asst. U. S. Atty., both of New Orleans, La., and J. J. McGuigan, U. S. Atty., of Ancon, Canal Zone, for appellee.

Before FOSTER and McCORD, Circuit Judges.

PER CURIAM.

It appears that appellants, Schackow and Kuhrig, and two other named persons were charged in an information with espionage, in violation of T. 50, § 31 U.S.C.A. Under the provisions of the Canal Zone Code they were granted separate trials. Both were convicted and while they have taken separate appeals their bills of exceptions have been combined in one document. The verdict as to Schackow was rendered December 14, 1938. The verdict as to Kuhrig was rendered January 12, 1939. Motions for new trials were timely filed. They were overruled on January 20, 1939. Sentences were imposed the same day. In the Canal Zone terms of court are fixed by rule of Court and not by statute. The term of court at which the judgments were entered expired on February 19, 1939. On March 25th motions for leave to file and settle bills of exceptions were presented. A hearing was had on these motions on April 3, 1939, and appellants were granted until April 15, 1939, to do so. On April 3, 1939, petitions for appeals were presented and allowed. The bills were settled and signed by the District Judge on April 8, 1939.

Section 443, title 6, of the Canal Zone Code (Code of Criminal Procedure) in substance, provides that a bill of exceptions must be presented to the Judge for settlement within ten days after the "announcement" of the verdict, unless further time is granted by the judge.

It is conceded the statute has been uniformly construed by the District Court of Panama Canal Zone to permit bills of exception to be presented and settled within ten days after the entry of judgment on the verdict. It is contended, however, that since more than ten days had elapsed after January 20, when sentence was imposed, before the motions for leave to file and settle the bills were presented, and the term at which sentence was imposed had expired, without any extension of time having been granted, the District Court was without authority to settle and sign the bills of exceptions.

No doubt, under the strict rule of the common law, the bills of exception were not timely signed. In circumstances similar to those here shown it has been repeatedly held by the Supreme Court, and this court, that the bills of exceptions should be stricken. However, the modern tendency is to relax the strict rule of common law and the ending of the term now has no significance. Rule 9 of the Criminal Appeals Rules, 28

U.S.C.A. following section 723a, adopted by the Supreme Court, provides that the appellant may within thirty days after taking the appeal or within an extension granted within that time by the trial judge, procure a bill of exceptions to be settled. Under Rule 75 of the New Rules of Civil Procedure, 28 U.S.C.A. following section 723c, adopted by the Supreme Court, the bill of exceptions is abolished and an appellant is not required to designate what shall be included in the record until after taking an appeal. Under neither of these rules is the trial judge deprived of authority to certify the record after the end of the term.

This court has jurisdiction of appeals from the District Court of the Canal Zone. Sec. 128, J.C. as amended, 28 U.S.C.A. § 225. Title 48, Sec. 1356, U.S.C.A., Section 62, Title 7 of the Canal Zone Code (Act of February 16, 1933, Ch. 91, Sec. 3, 47 Stat. 817), provides: "such appellate jurisdiction * * * may be exercised by said Circuit Court of Appeals in the same manner, under the same regulations, and by the same procedure as nearly as practicable as is done in reviewing the final judgments and decrees of the district courts of the United States."

Our rule 13 provides: "Appeals in criminal cases are governed by the rules made by the Supreme Court touching practice and procedure in such cases. In matters not covered thereby the general rules of this court shall govern." As to the said general rules, our rule 10 provides: "Federal rules of civil procedure adopted by the Supreme Court pursuant to Act of June 19, 1934, Nos. 46, 50, 51, 73, 74, 75 and 76, are adopted as rules of this court in cases in which they apply."

The Criminal Appeals Rules do not apply to the Canal Zone. Appellants therefore had three months in which to take their appeals after January 20, 1939, when sentence was imposed. Mookini v. U. S., 303 U.S. 201, 58 S.Ct. 543, 82 L.Ed. 748.

The appeals were taken on April 3, 1939. Applying the Criminal Appeals Rules, by analogy, under the provisions of Section 62, Title 7 of the Canal Zone Code, appellants would have had thirty days after April 3, 1939, to present and have settled their bills of exceptions, without the necessity of an extension of time by the trial judge, regardless of the ending of the term.

While appeals in criminal cases should be promptly taken, technicalities

should not be allowed to defeat justice. See Ray v. U. S., 301 U.S. 158, 57 S.Ct. 700, 81 L.Ed. 976; Forte v. U. S., 302 U.S. 220, 58 S.Ct. 180, 82 L.Ed. 209; Kay v. U. S., 303 U.S. 1, 58 S.Ct. 468, 82 L.Ed. 607. The typewritten transcript of the record has 560 pages. It would hardly have been possible to prepare the bills of exceptions within ten days. It may be presumed they were prepared and presented as soon as possible. Their approval by the District Judge is entitled to great weight. In the meantime appellants are in jail serving their sentences.

We consider that, in the exercise of our discretion, in order to do justice, the motions to strike the bill of exceptions and dismiss the appeal should be overruled. It is so ordered.