**HALL et al. v. UNITED STATES.**
Nos. 1876–1881.

Circuit Court of Appeals, Tenth Circuit.
Sept. 18, 1939.

W. E. Utterback, of Durant, Okl., for appellants.

Frank Watson, Asst. U. S. Atty., of Muskogee, Okl.

Before LEWIS, BRATTON, and HUX-MAN, Circuit Judges.

LEWIS, Circuit Judge.

Hall et al., appellants, defendants below, took separate appeals, and the district attorney now moves to dismiss them on the ground that the bill of exceptions was not settled and filed in time required by Rule IX of the Criminal Appeals Rules, 28 U.S.C.A. following section 723a.

Verdicts of guilty were rendered on March 2, 1939. Judgments thereon were not entered until April 3, 1939, and on that day notices of appeal and the grounds therefor were filed as to each defendant, copies being thereupon delivered to the district attorney. Supersedeas bonds fixed by the court were given and approved.

The bill of exceptions was not settled, approved and signed by the district judge who tried the case until some day in June, 1939. The judge signed a certificate of approval of the bill of exceptions certifying that his action in that respect was "on this —— day of June, 1939." The certificate and the bill of exceptions each has this notation at the bottom thereof: "Filed June 22, 1939, W. V. McClure, Clerk, U. S. District Court."

Previously on April 29, 1939, the court had entered this order:

"It is hereby ordered that the time for filing the bill of exceptions in the above entitled cause be and the same is hereby extended to June 15, 1939, inclusive."

The controversy is this: Counsel for appellants notified the court reporter, Mr. Diffendaffer, soon after notice of appeal was given and filed to prepare the transcript of the proceedings in the case. On April 10th the reporter advised him:

"This is the first day I have been in the office since March 7th and can only work a few hours each day for this week, so I may be considerably delayed in getting out this transcript."

Appellants' counsel paid the estimated cost of the record to the clerk on April 14th. On April 21st the court reporter further advised appellants' counsel:

"I intend to start transcribing the above case just as soon as I can but do not expect to be able to finish it until after the two weeks term at McAlester—which begins May 1st."

In view of the situation, appellants' counsel on April 29th obtained the order under said Rule IX extending time for settling and filing the bill of exceptions to and including June 15th. On May 27th counsel received the transcript of the trial proceedings from the reporter and paid him $440 for his work. In addition to that appellants have had the entire record brought to this court and printed prior to the time these motions under consideration were filed. Under date June 6th the United States Attorney informed appellants' counsel by letter:

"I talked to Judge Rice and he is of the opinion that he will not be in Muskogee Friday of this week. However, he said he will be here all of next week."

On June 7th appellants' counsel informed the United States Attorney that he would arrange to be at his office Monday morning, June 12th, and stated to the United States Attorney:

"My time for filing this bill expires on the 15th."

Appellants' counsel went to Muskogee on Sunday, June 11th, and was in the United States Attorney's office Monday morning, the 12th, and worked with the Assistant United States Attorney that day in checking the testimony as transcribed. That work continued until Tuesday morning, June 13th, on which day it was agreed that suggested changes should be made by way of correction. They then went to the court reporter and arranged with him to rewrite about 23 pages. He agreed to rewrite them on the 13th of June and present the matter to Judge Rice for his certificate of approval. Appellants' counsel paid the reporter for his additional services, then went to the clerk's office and informed the clerk of the status of the record, what was to be done by the court reporter, and requested the clerk to prepare the record as soon as the bill of exceptions was certified by Judge Rice. The clerk's charges for the record were paid in full at that time. On Tuesday, June 13th, Judge Rice was informed that counsel's business there was to complete the bill of exceptions and record, and that it would be completed and presented to him the next day, June 14th. Counsel then left the bill of exceptions with the court reporter, and the assistant district attorney was informed as to the arrangements that had been made. A written stipulation signed by the district attorney and his assistant and appellants' counsel was attached to the bill of exceptions which stated it contained all the evidence given and produced on the trial in narrative form, including all instructions given to the jury, defendant's requests for instructions, that it was correct in all respects, and might be settled, allowed, approved, signed and ordered filed as a part of the record herein by the Honorable Eugene Rice, United States District Judge, who presided at the trial hereof without other or further service or notice. Dated June 14, 1939. The first information that appellants' counsel had that the bill of exceptions had not been filed on the 15th of June or before that day was in a letter from the clerk of date June 16th in which the following statement was made:

"I did not receive the transcript back from Charley (the court reporter) in time to get it away for filing within time, as Mr. Watson (assistant district attorney) had rechecked it and as Judge Rice wished to check it over, Charley and I decided that we had better get an extension of time, which we did, extending the time to July 1st, 1939."

Neither appellants nor their counsel had anything to do with getting that order. Of course, it could not be properly made in view of the terms of said Rule IX. There seems to have been an impression in the minds of the clerk, the court reporter and the district judge that the filing of whatever the district judge was to sign was to be with the clerk of the Circuit Court of Appeals. The district judge wrote this letter to counsel for appellants on September 2, 1939:

"Re: United States v. Charley Hall et al.

"Mr. W. E. Utterback,
"Attorney at Law,
"Durant, Oklahoma.

"Dear Sir:

"In the matter of the certification of the transcript of the record in the above entitled cause, this record was brought to me the morning of the 14th of June. I stated I wanted to check it over and for some reason I neglected to sign it and give it to the clerk for filing. I think now it was due to the fact I of course was busy and got the date in my mind they had until the first of July to file it in the Circuit Court of Appeals. I know I made an order extending the time, which I thought was extending the time for filing it in the office of the Clerk of the Circuit Court of Appeals. This transcript was in my possession from the 14th until I signed it, the exact date I do not remember, the certificate showing it is not dated. I probable overlooked the fact this had to be signed and filed before the 15th.

"Yours very truly,
"(Signed)    Eugene Rice"

It thus appears that appellants' counsel did all that he could appropriately do in his efforts to have the bill of exceptions approved by Judge Rice and filed with the district court on or before June 15th, 1939; and that the failure to accomplish that purpose was due to the actions of others for which appellants should not in justice be held. The motion to dismiss the appeal seems wholly without merit. We have viewed the motion as being one to strike the bill of exceptions rather than as a dismissal of the appeal, because without a review of the trial proceedings a defendant in a criminal case has a right of appeal on fatal defects and errors in the record proper.

In the Ray case, Ray v. United States, 301 U.S. 158, 57 S.Ct. 700, 81 L.Ed. 976, the facts dealt with differ from the facts here, but the opinion of the Chief Justice in that case is instructive here as to the course to

be taken by the district judge in the settlement and filing of bills of exceptions. See, also, Forte v. United States, 302 U.S. 220, 58 S.Ct. 180, 82 L.Ed. 209; Kay v. United States, 303 U.S. 1, 58 S.Ct. 468, 82 L.Ed. 607; United States v. Freundlich, 2 Cir., 95 F.2d 376; Sanford v. United States, 69 App. D.C. 44, 98 F.2d 325. The case is here, and the facts as they existed on April 29th required a longer time for the transcription of the trial proceedings and the settlement and filing of the bill of exceptions than that given by the district judge in his order of that date. We therefore by nunc pro tunc order direct an extension of the time to settle and file the bill of exceptions from June 15th to July 1st, 1939, and that appellee's motion to strike and dismiss be overruled.