## FLYNN v. UNITED STATES.
### No. 10498.

Circuit Court of Appeals, Ninth Circuit.
Dec. 29, 1943.
Rehearing Denied Jan. 18, 1944.

Arthur Lee Flynn, in pro. pers. (Andrew J. Eyman, of San Francisco, Cal., on the brief), for appellant.

Frank J. Hennessy, U. S. Atty., and William E. Licking, and Valentine C. Hammack, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before GARRECHT, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

Arthur Lee Flynn was indicted in five counts for violating § 32 of the Criminal Code, 18 U.S.C.A. § 76, was arraigned, pleaded not guilty, was tried, was acquitted on counts 1 and 5, was convicted on counts 2, 3 and 4, was sentenced and, on March 22, 1943, took this appeal.

Rule 9 of the Rules of Criminal Procedure after Plea of Guilty, Verdict or Finding of Guilt, 18 U.S.C.A. following section 688, provides: "In cases other than those described in Rule 8,[1] the appellant, within thirty (30) days after the taking of the appeal, or within such further time as within said period of thirty days may be fixed by the trial judge, shall procure to be settled, and shall file with the clerk of the court in which the case was tried, a bill of exceptions setting forth the proceedings upon which the appellant wishes to rely in addition to those shown by the clerk's record as described in Rule 8. Within the same time, the appellant shall file with the clerk of the trial court an assignment of errors of which appellant complains. The bill of exceptions shall be settled by the trial judge as

---

[1] Rule 8 describes cases wherein "it appears that the appeal is to be prosecuted upon the clerk's record of proceedings, that is, upon the indictment and other pleadings and the orders, opinions, and judgment of the trial court, without a bill of exceptions." This was not such a case.

promptly as possible, and he shall give no extension of time that is not required in the interest of justice."

On March 29, 1943—within the 30-day period prescribed in Rule 9—the trial court made an order extending the time for settling and filing a bill of exceptions in this case to May 24, 1943. The order did not, in terms, extend the time for filing an assignment of errors. We assume, however, without deciding, that, in extending the time for settling and filing a bill of exceptions, it impliedly extended the time for filing an assignment of errors to May 24, 1943. The trial court did not, within the 30-day period prescribed in Rule 9, grant any further extension of time for settling and filing a bill of exceptions or for filing an assignment of errors. This court was not asked to, and did not, within the 30-day period or at all, grant any such extension.[2] Hence the time for settling and filing a bill of exceptions expired on May 24, 1943, and the time for filing an assignment of errors expired on, if not before, May 24, 1943. No bill of exceptions was settled or filed, nor was any assignment of errors filed, within that time.

On May 24, 1943—long after the 30-day period expired—the trial court made an order purporting to extend the time for settling and filing a bill of exceptions to June 15, 1943. On May 29, 1943, an assignment of errors was filed. On June 12, 1943, the trial court made an order purporting to settle a bill of exceptions filed on that date. The orders of May 24, 1943, and June 12, 1943, were invalid and ineffectual.[3] The assignment of errors and the bill of exceptions were too late and hence are subject to be stricken.[4]

True we may, in our discretion, refuse to strike an untimely bill of exceptions and may treat it as if it had been settled and filed in time,[5] and presumably we

have the same power with respect to an untimely assignment of errors. With a view to determining whether we should exercise that power in this case, we have examined the bill of exceptions, the assignment of errors and the clerk's record of proceedings.[6] Our examination discloses no reversible error. We conclude that to exercise the power mentioned would serve no useful purpose.

Accordingly, the bill of exceptions and the assignment of errors are stricken, and the judgment is affirmed.

HEALY, Circuit Judge (concurring).

I agree that there is no merit in the appeal.

Appellant was convicted on three counts of an indictment charging him with impersonating an officer of the United States Army with intent to defraud. While he has raised a large number of questions, he stresses particularly two contentions. One is that he was denied compulsory process for the production of witnesses on his behalf. The record affords no support at all for this contention.

The other claim, heavily stressed, is that the court fell into error in complying with a request of the jury to be permitted to inspect, during its deliberations, the transcript of testimony of a government witness. Upon receiving this request the court called into its chambers counsel for the government and for the defendant, the defendant himself not being present. Counsel together examined the transcript and consented to its being sent into the jury room. While the jury was still out the defendant's attorney informed him of the incident. He thus had opportunity to object or to call the irregularity to the court's attention. Nothing of the kind was done. Apparently the defendant was satisfied to await the outcome and preferred to take his chances on a favorable verdict.

The presence of the defendant might be

---

[2] Appellate courts can grant such extensions even though the 30-day period has expired. Ray v. United States, 301 U.S. 158, 57 S.Ct. 700, 81 L.Ed. 976; Forte v. United States, 302 U.S. 220, 58 S.Ct. 180, 82 L.Ed. 209; Kay v. United States, 303 U.S. 1, 9, 58 S.Ct. 468, 82 L.Ed. 607; Ross v. United States, 9 Cir., 102 F.2d 113, 114.

[3] Ray v. United States, supra; Cary v. United States, 9 Cir., 86 F.2d 461, 462; St. Charles v. United States, 9 Cir., 86

F.2d 463, 464; Miller v. United States, 9 Cir., 88 F.2d 102; Hightower v. United States, 9 Cir., 88 F.2d 302; Long v. United States, 9 Cir., 90 F.2d 482, 483.

[4] Cary v. United States, supra; St. Charles v. United States, supra; Miller v. United States, supra; Hightower v. United States, supra; Long v. United States, supra.

[5] Forte v. United States, supra.
[6] See Rule 8, supra.

waived by his counsel. Valdez v. United States, 244 U.S. 432, 37 S.Ct. 725, 61 L. Ed. 1242. The same consent would probably have been given had defendant been present, and anyway the irregularity did him no prejudice. No new matter was given to the jury; at most the jurors had their recollections refreshed of testimony already heard.

Appellant was given a fair trial, and the testimony abundantly establishes his guilt of the charge.