**465**

## UNITED STATES v. INTERSTATE PROPERTIES et al.

### No. 8945.

United States Court of Appeals for the District of Columbia.

Nov. 9, 1945.

Edward M. Curran, U. S. Atty., and Ray L. Jenkins, Charles B. Murray, and Bernard Margolius, Asst. U. S. Attys., all of Washington, D. C., for appellant.

Edmund D. Campbell and Hugh Obear, both of Washington, D. C., for appellee Interstate Properties, Inc.

John H. Burnett, of Washington, D. C., for appellee Thomas B. Lawler.

Jacob W. Block, of New York City, pro se.

Before GRONER, C. J., and EDGERTON and PRETTYMAN, JJ.

PER CURIAM.

This is a motion to dismiss an appeal by the United States from an order of the District Court sustaining a demurrer to an indictment. The Criminal Appeal Rules of the Supreme Court, 18 U.S.C.A. following section 688, and Rule 33 of this court govern as far as may be applicable.

Rule VIII of the Criminal Appeal Rules provides: "the trial judge shall direct the appellant to file with the clerk of the trial court, within a time stated, an assignment of the errors of which he complains (which may amplify or add to the grounds stated in the notice of appeal), and shall direct the clerk to forward promptly, with his certificate, to the appellate court the above-mentioned record and assignment of errors, and upon receipt thereof the appellate court shall at once set the appeal for argument as provided in these rules."

In the present case it does not appear that the trial judge directed the time within which the assignment of errors should be filed, but the record discloses that the assignment was filed on February 21, 1945, and a designation of record was filed on March 19, 1945. Appellees subsequently moved in the trial court to strike the designation of record on the ground that the time for filing had expired. The motion was denied by the District Court on July 2, 1945. Thereafter the Clerk of the trial court prepared the record and on July 27, 1945 notified the United States Attorney that the transcript was ready. Under the practice in this jurisdiction the attorney for the appellant obtains the record from the clerk and files it in this court,—this is due largely to the fact that the clerk of the District Court must be paid his fee for preparing the record on appeal before releasing it for filing in this court when appellant is not a pauper or not the United States. However, when the appeal is taken by the United States no fee is required, and in such cases the clerk of the District Court should himself forward the record promptly to this court, as directed in Rule VIII of the Criminal Appeals Rules.

The record not having been docketed, the United States Attorney was on September 18, 1945, notified accordingly by the clerk of this court. On October 4, 1945, the United States Attorney lodged the record in this court. On October 9, 1945, appellees moved to dismiss the appeal.

■ We think the motion to dismiss came too late. The federal rule is that a motion to dismiss on the ground that the transcript has not been filed within the prescribed time comes too late when the transcript has actually been filed. Vogel v. Saunders, 1937, 68 App.D.C. 31, 92 F.2d 984, 985, and cases there cited. Of this rule we said: "This tends to insure diligence on the part of an appellee, and to expedite the determination of appeals."

■ Although the transcript of record in this case was ready July 27, 1945, neither party acted for two months. Then, after this court sua sponte on September 18, 1945, directed appellant to show cause why the appeal should not be dismissed, appellant on October 4, 1945, lodged the record with the clerk of this court. At any time after the notice of appeal was filed on February 1, 1945, appellees could have applied to this court for the exercise of its supervisory powers in criminal cases —(Ray v. United States, 301 U.S. 158, 57 S.Ct. 700, 81 L.Ed. 976) or to dismiss the appeal, but appellees made no application to this court until they filed their motion to dismiss on October 9, 1945. We think both parties in this case have been extremely lax, but in view of the rule above stated we feel constrained to deny the motion to dismiss, and it is hereby ordered that appellant file its brief on appeal within 10 days hereof.

Motion to dismiss denied.